TORRUELLA Chief Judge.
 

 Plaintiffs-appellants Leila Francés-Colón and Juan Enrique Rodriguez brought a malpractice action on behalf of their minor son Eric Rodriguez-Frances (“Eric”) against two doctors, a municipal hospital and the municipality of San Juan, on both federal and state law grounds. They alleged that the doctors’
 
 *-1513
 
 mishandling of Eric’s delivery
 
 [1]
 
 amounted to a violation of Eric’s substantive due process rights, actionable under 42 U.S.C. § 1983, and that the defendants were liable for negligence under Puerto Rico tort law. The district court granted defendants’ summary judgment motion as to all counts, for the following reasons: (1) the plaintiffs failed to identify a protected substantive due process liberty interest giving rise to their federal civil rights claim; (2) the defendants’ actions were not state conduct that shocks the conscience for the purposes of sustaining their federal civil rights claim; (3) the defendant doctors are immune from liability under Puerto Rico law; (4) the tort claim against the municipality was time-barred under Puerto Rico law.
 
 See Colón v. Ramirez,
 
 913 F.Supp. 112 (D.P.R.1996). Plaintiffs appeal from the grant of summary judgment.
 

 Having reviewed the record and the parties’ briefs on appeal, we are satisfied with the reasoning of the decision below and affirm the judgment for substantially the reasons elucidated in the district court opinion.
 
 Cf. Lawton v. State Mut. Life Assurance Co.,
 
 101 F.3d 218, 220 (1st Cir.1996) (“We have long proclaimed that when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate.”) We need only note the following.
 

 I.
 
 The Federal Civil Rights Claim
 

 The district court correctly held that plaintiffs-appellants failed to establish a violation of constitutional rights actionable under section 1983. Appellants claim on appeal that, in making this determination, the district court improperly resolved an issue of fact in favor of defendants by holding that the doctors failed to act with the requisite degree of culpability to sustain a section 1983 claim.
 
 See Colón,
 
 913 F.Supp. at 119. Appellants urge us to consider certain affidavits they produced in support of the view that the defendant doctors were reckless, and not merely negligent. First, it is not clear that the district court’s statement that plaintiffs “failed to show that defendants acted with the requisite degree of culpability” means that the district court explicitly found that defendants were not reckless. More importantly, there is no need to arrive at a factual conclusion regarding whether the doctors were negligent or something more than negligent, because, either way, the plaintiffs fail to state a cause of action under section 1983. As the district court opinion explains, plaintiffs must fail on their civil rights claim because they do not demonstrate either of the following: that there was an interest protected by the due process clause at stake, or that there was governmental conduct that “shocks the conscience.”
 
 See id.
 
 at 116-18 (applying
 
 Pittsley v. Warish,
 
 927 F.2d 3, 6 (1st Cir. 1991)).
 

 It is surprising, in light of clear Supreme Court and First Circuit precedent, that appellants would consider it worth their while to try their luck, or, rather, waste time and energy, with what is essentially a malpractice claim clothed in section 1983, civil rights, language. This is plainly not a situation in which the state “takes a person into custody and holds him there against his will,” thereby implicating a possible constitutional due process interest in adequate medical care.
 
 DeShaney v. Winnebago County Dept. of Social Servs.,
 
 489 U.S. 189, 199-200, 109 S.Ct. 998, 1005-1006, 103 L.Ed.2d 249 (1989). To avoid future waste of judicial resources, we wish to underscore the decisive legal principle in this case. A substantive due process interest in “bodily integrity” or “adequate medical care” cannot support a personal injury claim under section 1983 against the provider of a governmental service unless: (a) the government has taken the claimant into custody or otherwise coerced the claimant into a situation where he cannot attend to his own well-being,
 
 see, e.g., Monahan v. Dorchester Counseling Ctr., Inc.,
 
 961 F.2d 987, 990-93 (1st Cir.1992) (no due process claim
 
 *-1512
 
 where claimant voluntarily entered mental institution) (applying DeShaney); or (b) the government employee, in the rare and exceptional case, affirmatively acts to increase the threat of harm to the claimant or affirmatively prevents the individual from receiving assistance,
 
 see Dwares v. City of New York,
 
 985 F.2d 94, 96 (2d Cir.1993) (due process implicated where complaint under section 1983 alleged that police assured skin-heads that they could attack protestors with impunity, thereby affirmatively increasing threat of harm to protestors) (distinguishing
 
 DeShaney
 
 ); Ross
 
 v. United States,
 
 910 F.2d 1422, 1429-34 (7th Cir.1990) (due process interest in life implicated where county officials prevented city officials from rescuing drowning boy, thereby affirmatively restricting source of aid) (distinguishing DeShaney).
 

 A proximate causal link between a government agent’s actions and a personal injury does not, in itself, bring a case out of the realm of tort law and into the domain of constitutional due process.
 
 Daniels v. Williams,
 
 474 U.S. 327, 332, 106 S.Ct. 662, 665-666, 88 L.Ed.2d 662 (1986). Appellant’s counsel would have done well to consider more carefully the cases it cites for support in its brief — such as the following passage from
 
 Estate of Gilmore v. Buckley,
 
 787 F.2d 714, 722 (1st Cir.1986) (holding failure of state employees to protect victim from murderous attack by inmate on furlough not actionable under section 1983):
 
 [2]
 

 Enormous economic consequences could follow from the reading of the fourteenth amendment that plaintiff here urges. Firemen who have been alerted to a victim’s peril but fail to take effective action; municipal ambulances which, when called, arrive late; and myriad other errors by state officials in providing protective services, could all be found to violate the Constitution. It would seem appropriate that the citizenry, acting through state legislatures and state courts, should determine how far it wishes to go in reimbursing claims of this type. We can see no justification for rewriting the due process clause of the federal Constitution so as to construct a basis for relief that can be more flexibly provided elsewhere, if that is deemed advisable.
 

 II.
 
 Defendants’ Immunity under Puerto Rico Law
 

 It is undisputed that the defendant doctors were acting as government employees when they were attending to Eric’s birth. The district court correctly held that the doctors are protected under the immunity for government health care professionals provided by P.R. Laws Ann. tit. 26, § 4105 (1989). On appeal, appellants repeat their argument that the doctors’ alleged recklessness brings them outside of this immunity provision. We note that the Puerto Rico Supreme Court’s decision in
 
 Vasquez Negrón v. E.L.A.,
 
 113 D.P.R. 148, 151 (1982), interprets the immunity provision broadly, adding further strength to the district court’s holding that the sole inquiry required under Puerto Rico law in determining whether immunity applies is whether the health care professional was acting as an employee of the government at the time of the events giving rise to the suit.
 

 This much said, we allow the district court opinion to speak for itself.
 

 Affirmed.
 

 [1]
 

 . The essential mistake alleged was the doctor's failure to perform a caesarian section. Plaintiffs allege that the defendant doctors acted with reckless disregard and deliberate indifference by delivering Eric vaginally, using forceps, even though his mother told the doctors that she could not deliver vaginally. Eric was bom in poor physical condition, suffered severe perinatal asphyxia, and has suffered permanent disabilities.
 

 [2]
 

 .
 
 See
 
 Brief for Appellants at 17.