[NOT FOR PUBLICATION]
UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT



No. 96-2201

BETTY LORD, ET AL.,

Plaintiffs, Appellants,

v.

TOWN OF LINCOLNVILLE, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Morton A. Brody, U.S. District Judge] 



Before

Torruella, Chief Judge, 
Stahl and Lynch, Circuit Judges. 



David M. Glasser on brief for appellants. 
Edward R. Benjamin, Jr., Elizabeth A. Campbell and Preti, 
Flaherty, Beliveau & Pachios, L.L.C. on brief for appellee Town of 
Lincolnville.



April 25, 1997


Per Curiam. On October 2, 1993, Roderick Lord was 

severely injured in an automobile collision that occurred at

an intersection within the geographical boundaries of the

Town of Lincolnville, Maine. Contending that the

intersection is inherently dangerous and that the Town is

responsible, Lord's legal guardians brought suit against the

Town under 42 U.S.C. 1983. The district court dismissed

the complaint for lack of jurisdiction. This appeal

followed.

The sole issue on appeal is whether a claim under

the Due Process Clause lies in this case. We think not. As

the Supreme Court made clear in Collins v. City of Harker 

Heights, 503 U.S. 115, 126-27 & n.9 (1992), the Federal 

Constitution is not a guarantee of certain minimal levels of

safety and security. See also DeShaney v. Winnebago County 

Dep't of Social Servs., 489 U.S. 189, 194-97 (1989) (holding 

that a State's failure to protect an individual against

private violence generally does not constitute a violation of

the Due Process Clause, because the Clause imposes no duty on

the State to provide members of the general public with

adequate protective services). Nor may the Due Process

Clause be used to supplant state tort law claims. Collins, 

503 U.S. at 128; see also Frances-Colon v. Ramirez, 107 F.3d 

62, 63-64 (1st Cir. 1997) (rejecting plaintiffs' attempt to

clothe malpractice claim in civil rights language).

-2-

Appellants' various attempts to distinguish Collins and 

DeShaney fail. 

First, contrary to appellants' suggestion, a

decision whether or not to purchase and install four-way stop

signs involves the allocation of financial resources and

requires the decision-maker to balance competing social

needs. Such decisions are best made by locally elected

representatives "rather than by federal judges interpreting

the basic charter of Government for the entire country."

Collins, 503 U.S. at 128-29; see also Lewellen v. 

Metropolitan Gov't of Nashville & Davidson County, 34 F.3d 

345, 351 & n.5 (6th Cir. 1994) (applying Collins), cert. 

denied, 115 S. Ct. 903 (1995).  

Second, we reject appellants' suggestion that Lord

was in the functional custody of the Town of Lincolnville.

Lord voluntarily chose to drive his car on Ducktrap Extension

Road. Cf. Searles v. Southeastern Penn. Trans. Auth., 990 

F.2d 789, 792 (3d Cir. 1993) (observing that plaintiff was

not deprived of his liberty when he voluntarily chose to ride

elevated train). Moreover, an individual is not deprived of

his liberty by virtue of being subject to laws.

Finally, we do not think appellants' can rely on a

state-created danger theory. Cf. Searles, 990 F.2d at 793 

(rejecting attempt to distinguish Collins where plaintiff 

alleged that municipal transit authority created a danger by

-3-

failing to maintain railcars in safe operating condition).

To the extent that the Town can be held responsible, Lord's

injuries resulted from the Town's failure to act (namely, a

failure to remove visual impediments and a failure to alert

drivers to the danger). The case simply does not involve

"injury directly caused by a state actor's affirmative act in

the traditional sense." Id. 

Affirmed. See Loc. R. 27.1. 

-4-