**Lourdes V. ARIAS–ROSADO, et als., Plaintiffs,**

v.

**Pedro GONZALEZ TIRADO, et als., Defendants.**

**No. Civ. 99–1947 GG.**

United States District Court, D. Puerto Rico.

Aug. 11, 2000.

Vicente & Cuebas, Harold D. Vicente–Colon, San Juan, PR, for plaintiffs.

Law Offices of Ivan M. Fernandez, Eduardo Castillo Blanco, Hato Rey, PR, for codefendants Eulogio Miranda Quiles, Pedro Gonzalez Tirado and Universal Insurance Company.

Wilfredo Segarra Miranda, Bayamon, PR, for codefendant Charlie Pérez Pérez.

## OPINION AND ORDER

GIERBOLINI, District Judge.

On this occasion[1] we must decide which citizenship will be taken into account to determine diversity jurisdiction as to the cause of action for the moral damages suffered by plaintiffs' decedent—that of the decedent or that of the heir claiming said damages. We must also determine whether *vel non* the members of the estate are indispensable parties without whom the survivorship cause of action cannot be pursued in this court.

## BACKGROUND

This is a wrongful death action arising out of a traffic accident in which Rafael Arias Hernández suffered injuries which eventually resulted in his death. See, Stipulated Uncontested Fact # 9, Pro-

posed Pre–Trial Order, p. 14, docket entry # 53. Jurisdiction is premised on diversity of citizenship. Plaintiffs are Lourdes Arias Rosado (the decedent's daughter), her husband and their two minor children (the decedent's grandchildren). They are all Florida residents. In the complaint, they seek compensation for their own pain. However, co-plaintiff Lourdes Arias Rosado, as one of the decedent's forced heirs, also seeks redress for the pain and suffering of the decedent. It is an uncontested fact that the other two forced heirs of Arias Hernández, Carlos Arias Rosado (the son) and Carmen Rosado (the widow), are residents of Puerto Rico and have filed a suit in state court seeking as well redress for both their own pain and suffering and that of their decedent. It is also an uncontroverted fact that all co-defendants are residents of Puerto Rico.

On July 10, 2000, co-defendants Eulogio Miranda Quiles, Pedro González Tirado and Universal Insurance Company, filed a Motion to Dismiss arguing that we lacked subject matter jurisdiction. (Docket entry # 49). Essentially, they claim that pursuant to 28 U.S.C. § 1332(c)(2) co-plaintiff Arias Rosado's citizenship, as "the legal representative of the estate", is not her own (Florida) but that of the decedent (Puerto Rico). Thus, that by allowing this cause of action to proceed in this case, diversity would be destroyed. As a second argument to sustain the request of dismissal for lack of subject matter jurisdiction, defendants contend that since the survivorship claim belongs to the estate of Arias Hernández, co-plaintiff Arias Rosado has no standing to bring that cause of action by herself because the real party in interest is the estate composed by all of its members. Consequently, defendants reason that since joining them would defeat diversity, the entire suit, or in the alternative the survivorship claim, should be dismissed.

1. On June 26, 2000, we denied co-defendant Charlie Pérez' Motion for Summary Judgment. See, Docket entry # 48.

On July 18, 2000, we ordered plaintiffs to show cause why we should not dismiss co-plaintiff Arias Rosado's inherited claim. (Docket entry # 51). In compliance with said order, on July 26, 2000, plaintiffs filed a well reasoned and grounded brief in opposition to defendants' motion to dismiss. (Docket entry # 52). As stated by defendants during the Pre–Trial Conference, they will not reply to the same. See, Minutes of Proceedings, docket entry # 54.

After careful consideration of the parties' theories, the applicable law and jurisprudence, dismissal, as requested by defendants, is not appropriate.

## DIVERSITY OF CITIZENSHIP JURISDICTION

■ Diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). It is hornbook law that when federal jurisdiction is based on diversity of citizenship, complete diversity must exist between the adverse parties in the action. See *Owen Equip. & Erection Co. v. Kroeger*, 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57 L.Ed.2d 274; *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 642 (1st Cir.1995); *Media Duplication Services Ltd. v. HDG Software Inc.*, 928 F.2d 1228, 1235 (1st Cir.1991).

In 1988 the federal diversity statute, 28 U.S.C. § 1332, was amended to provide that "the legal representative of an estate shall be deemed to be a citizen only of the same State of the decedent." See, Judicial Improvements Act of 1988, Pub.L. 100–702, § 102(a), 102 Stat. 4642 (1988). The purpose of the amendment codified under § 1332(c)(2) was to prevent the manufacture of diversity jurisdiction by the appointment of a representative from another state. See, *Tank v. Chronister*, 160 F.3d 597, 599 (10th Cir.1998); 14 Wright, Miller and Cooper, *Federal Practice and Procedure, Jurisdiction 3rd,* § 3640, p. 135.

Although the term "legal representative of the estate" is not defined by § 1332(c)(2), by its plain terms the section excludes from its coverage those who are not representing the estate of a decedent. See, *Tank v. Chronister, supra.* The American Law Institute Study, which explained the proposed amendment to § 1332(c)(2) ultimately adopted by Congress in 1988, gives further support to this conclusion. In its pertinent part the study indicates that:

> [t]he phrasing "any person representing the estate of a decedent. . . ." does not include a person given by statute a right to bring an action in his own name because of a decedent's death by reason of his relationship to the decedent (e.g., a widow or child of the decedent); such a person retains such right of access to a federal court as his own citizenship gives him. The imposition upon diversity jurisdiction has been the appointment of out-of-staters to create diversity, and there seems no sufficient reason to cover a person whose right to sue is because of his relationship rather than by appointment. (Our emphasis).

See, *Tank v. Chronister*, 160 F.3d at 600–601 & *Marler v. Hiebert*, 960 F.Supp. 253, 254 (D.Kan.1997) (both citing the American Law Institute, Study of the Division of Jurisdiction Between State & Federal Courts 118 (1968)).

■ In Puerto Rico, the cause of action for the pain and suffering experienced by a decedent prior to his/her death passes on to his/her estate and is actionable by the heirs as part of their legal portion known as the "legítima". *Blas Toledo v. Hospital,* 146 D.P.R. —— (1998); 98 J.T.S. 101, p. 1443; *Molina v. C.R.U .V.,* 114 D.P.R. 295, 313 (1983); *Vda. de Delgado v. Boston Ins. Co.,* 101 D.P.R. 598, 607, 1973 WL 35626 (1973). Likewise, under Puerto Rico inheritance law a succession or a decedent's estate is not an entity distinct and separate from the persons composing it. Put another way, the succession does not have existence by itself as a juridical

person or entity on behalf of which a lawsuit can be brought. See, *Pino Development Corporation v. Negron de Mendez,* 133 D.P.R. 373, 388, 1993 WL 840015 (1993); *Kogan v. Registrador,* 125 D.P.R. at 656; *Danz v. Suau,* 82 P.R.R. 591, 595 (1961).

■ On the contrary, with the simple acceptance of the estate, each co-participant or heir acquires an independent right over the estate and the abstract portion of the estate that belongs to him/her immediately enters his/her patrimony as an independent and autonomous value that only belongs to him/her and of which he/she can dispose of with total liberty. *Kogan v. Registrador,* 125 D.P .R. 636, 652 (1990). That is precisely why an heir has an unquestionable juridical and economic interest in a survivorship cause of action. *Vda. de Delgado v. Boston Insurance Company, supra.*

■ It is clear from the above that co-plaintiff Arias Rosado brings the survivorship cause of action in her capacity as an heir of her father's estate, that is, in her own behalf. Thus, she is not a representative of Arias Hernández succession for purposes of § 1332(c)(2). See, *e.g. Milam v. State Farm Mutual Automobile Ins. Co.,* 972 F.2d 166, 168 (7th Cir.1992). In sum, it is her own citizenship that must be taken into account to determine diversity in this case. Accordingly, there is complete diversity between the parties.

■ On the same vein we find that the other members of the estate are not indispensable parties as to the survivorship cause of action. The fact that the succession is not an entity separate and apart from its members does not mean that all of its participants must always appear together to assert or defend matters affecting the estate. On the contrary, the Supreme Court of Puerto Rico has consistently held that being a succession a compulsory community of property and rights, any of the heirs or part thereof may appear at the trial to defend his/her common rights. If he/she prevails, his/her victory is for the benefit of all the co-owners. See, *Danz v. Suau,* 82 P.R.R. at 595; *Tropigas de Puerto Rico v. Tribunal Superior,* 102 D.P.R. 630, 641 (1974). See also, *Cintron v. San Juan Gas,* 79 F.Supp.2d 16, 19 (D.P.R.1999). In accordance with this, a judgment in favor of Arias Rosado's survivorship claim will benefit the absent heirs. Ergo, it is beyond any doubt that complete relief may be accorded in this case in the absence of the non-diverse heirs.

In addition, there is no risk that the interest of the absent heirs may be impaired or not well protected. As previously stated, "any judgment in favor of one or more participants benefits all other participants in a community of property" whereas an "adverse judgment only prejudices the one who filed the judicial action." *Danz v. Suau,* 82 P.R.R. at 594; *Perez v. Cancel,* 76 D.P.R. 667, 675, 1954 WL 10814 (1954). This means that a favorable judgment to Arias Rosado will be dispositive of the survivorship claim and benefit the absent heirs. However, an unfavorable judgment will only prejudice her and not the absent heirs who still will have available the suit filed in state court wherein they asserted the survivorship claim. It should also be borne in mind that the absent heirs will be called in this case as witnesses to testify about the suffering of the decent after the accident and prior to his death. See, Proposed Pre–Trial Order, docket entry # 53.

In conclusion, we find that the elements of Rule 19(a) of the Federal Rules of Civil Procedure [2] for holding a party as neces-

---

**2.** Rule 19. Joinder of Persons Needed for Just Adjudication—
   (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person

sary or indispensable, are not present here. See, *Pujol v. Shearson/American Express*, 877 F.2d 132 (1st Cir.1989). In other words, the members of a succession are not indispensable parties in a survivorship claim, consequently, their citizenship is irrelevant to the determination of diversity in this case.

**WHEREFORE,** for the reasons herein stated, co-defendants Miranda, González and Universal's motion to dismiss for lack of subject matter jurisdiction is **DENIED.**

**SO ORDERED.**

claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not

been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.