**Maria RAMOS PIÑERO, et al., Plaintiffs,**

v.

**COMMONWEALTH OF PUERTO RICO, et al., Defendants.**

**Civ. No. 04–1351(SEC).**

United States District Court, D. Puerto Rico.

March 2, 2005.

Francisco Troncoso, San Juan, PR, for Plaintiffs.

Francisco Amundaray, San Juan, PR, for Defendants.

**ORDER**

GELPI, United States Magistrate Judge.

The Court hereby partially **GRANTS** the Rule 12(b)(6) motion to dismiss filed by

the Municipality of San Juan (Docket No. 67) insofar as to plaintiffs' Section 1983 cause of action. Plaintiffs' responses (Docket Nos. 71 and 73) are hereby **NOTED** and **DENIED.**

■ This case involves a most unfortunate event: the death of minor Antonio Luis Ramos, who plunged into an open manhole, and consequently drowned. Certainly, the allegations contained in the consolidated complaints appear to raise a valid negligence cause of action under Article 1802 of the Puerto Rico Civil Code. Such allegations, however, fail to state a claim under Section 1983.

The Court finds the First Circuit case of *Colón v. Ramírez*, 107 F.3d 62 (1st Cir. 1997) to be dispositive of the issue at bar. There, the plaintiff brought a malpractice action on federal grounds against the Municipality of San Juan and its doctors, alleging that the same amounted to a substantive due process violation, actionable under 42 U.S.C. § 1983. The Court summarily dismissed the action, as plaintiffs could not demonstrate that (i) a due process interest was at stake, or (ii) that defendants' conduct "shocked the conscience". *Id.* at 63. The Court further noted that "a proximate causal link between a government agent's actions and a personal injury does not, in itself, bring a case out of the realm of tort law and into the domain of constitutional due process". *Id.* at 64. Finally, the Court noted that the victim in the case was not an individual taken into "custody" by the Municipality. *Id.* at 63.

The plaintiffs in the case at bar likewise seek to convert a state tort law claim into a federal civil rights claim. Although the Court is confronted with a Rule 12(b)(6) motion, rather than a Rule 56(e) motion for summary judgment, the *legal* pronouncements set forth in *Colón v. Ramírez* apply at this stage of the proceedings.

More so, the facts of this case, even if taken in the light most favorable to plaintiff, fail to state a cause of action for which relief may be granted under Section 1983.

Foremost, the deceased in this case was never under the "custody" of the Municipality. As such, he did not have a constitutional due process interest at the time of his death. Second, any reckless indifference and/or gross negligence by the Municipality in this case does not rise to the level of "shocking to the conscience" necessary to invoke Section 1983. *Compare, e.g., id.* at 64 (noting that "[e]normous economic consequences could follow from the reading of the Fourteenth Amendment that plaintiff here urges", and providing examples analogues to the facts at bar).

■ Lastly, plaintiffs suggest that, because the Municipality receives federal funds under the Federal Highway Act and Highway Safety Act, federal jurisdiction is present. Such statutes, however, do not create an implied private cause of action to recover damages for personal injuries caused by the recipient. *See Smith v. Bernier*, 701 F.Supp. 1171, 1173–74 (D.Md. 1988).

In sum, although plaintiffs may have certainly pleaded a tort cause of action under state law, federal jurisdiction is lacking. As so, their case against the Municipality under Section 1983 must be dismissed.

The Court at this time is not ruling on the issue of whether the Municipality may ultimately remain in the case as a supplemental party defendant based on the Article 1802 cause of action.

**SO ORDERED.**