**Luis A. RUIZ–HANCE,**
**et al., Plaintiffs,**

v.

**PUERTO RICO AQUEDUCT AND**
**SEWER AUTHORITY (PRASA),**
**et al., Defendants.**

**Civil No. 06–1096 (PG).**

United States District Court,
D. Puerto Rico.

Jan. 27, 2009.

Francisco M. Troncoso–Cortes, Richard Schell–Asad, Troncoso & Schell, San Juan, PR, for Plaintiff.

Edgardo L. Rivera–Rivera, Rivera & Fernandez Reboredo PSC, Raul Castellanos–Malave, E. Umpierre Suarez, PSC, Hector Cuebas–Tanon, Vicente & Cuebas, Francisco J. Amundaray–Rodriguez, Mercado & Soto, Francisco E. Colon–Ramirez, Francisco J. Colon–Pagan, Colon & Colon PSC, PHV Charles Scott Toomey, Campbell, Campbell, Edwards & Conroy, Eduardo Castillo–Blanco, Ivan M. Fernandez Law Office, Pedro Santiago–Rivera, Romulo A. Suero–Ponce, Reichard & Escalera, Nora Vargas–Acosta, Ivan M. Fernandez Law Office, San Juan, PR, for Defendants.

Nicolas Nogueras–Cartagena, Nicolas Nogueras Law Offices, San Juan, PR, for Intervenor Plaintiffs.

## OPINION AND ORDER

JUAN M. PEREZ–GIMENEZ, District Judge.

Before the Court now is a renewed motion to intervene as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure filed by Maria Ramos Pihero, Keisha Ruiz Ramos, Hector Luis Ramos Pinero, Nancy Ivette Ramos Piñe-

ro, Miguel L. Ramos Piñero, Orlando del Valle Crespo, and minor Ishell Marie Davila Villalobos (hereinafter collectively called "intervenors" or "applicants") (Docket No. 91). After a careful review of the parties' motions and the applicable law, this Court finds that the applicants' motion to intervene should be **DENIED.**

## I. BACKGROUND

Civil Case No. 04–1351 was a consolidated action filed by the plaintiffs in the case before this Court in conjunction with the applicants to intervene. The plaintiffs in said action were the following: Maria Ramos Pinero, Keisha Ruiz Ramos, Hector Luis Ramos Pinero, Nancy Ivette Ramos Pihero, Miguel L. Ramos Pihero, Orlando del Valle Crespo, minor Ishell Marie Davila Villalobos, Luis A. Ruiz–Hance, Norma Soto–Robles, Valeria Ruiz–Soto, Brian Omar Gonzalez, Luis Armando Gonzalez. The consolidated action was brought against defendants the Commonwealth of Puerto Rico, Puerto Rico Aqueduct and Sewer Authority ("PRASA"), Ondeo de Puerto Rico, Inc. ("Ondeo"), the Department of Transportation and Public Works, the Puerto Rico Highway Authority ("PRHA"), the Municipality of San Juan ("the Municipality") and Pep Boys, Manny Moe & Jack of Puerto Rico, Inc. ("Pep Boys") pursuant to the provisions of 42 U.S.C. § 1983 ("Section 1983") and the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution. Supplemental jurisdiction was invoked to include a claim for damages under Article 1802 of the Puerto Rico Civil

Code ("Article 1802"), P.R. Laws Ann. tit. 31, § 5141.

Just like the above-captioned claim, Civil Case No. 04–1351 involved "a most unfortunate event: the death of minor Antonio Luis Ruiz Ramos, who plunged into an open manhole, and consequently drowned." *Ramos Piñero v. Commonwealth of Puerto Rico,* 359 F.Supp.2d 56 (D.P.R.2005). However, that case was dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the complaint's allegations failed to state a claim under Section 1983, and thus, federal jurisdiction was lacking. *See* Civil Case No. 04–1351, Docket No. 92.

Thereafter, on January 25, 2006, some of the plaintiffs in Civil Case No. 04–1351— Luis A. Ruiz–Hance, Norma Soto–Robles, Valeria Ruiz–Soto, Brian Omar Gonzalez and Luis Armando Gonzalez—filed suit against defendants the PRASA, Ondeo, the PRHA, the Municipality, Asunción Rodriguez Crespo, Israel Rodriguez and Blas Sandoval seeking redress for their emotional damages as a result of the wrongful death of minor Antonio Luis Ruiz Ramos pursuant to the provisions of Article 1802.[1] As father of the decedent, the complaint also includes Luis A. Ruiz–Hance's inherited claim for the pain and suffering of his son prior to his death. *See Amended Complaint,* Docket No. 118. This time around, federal jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332.[2] *Id.*

On February 7, 2006,—two weeks after the above-captioned claim was filed—the remaining plaintiffs from the previous civil action[3] filed a "Motion Requesting Inter-

---

**1.** The claims against PRASA and Ondeo have been subsequently dismissed without prejudice. *See* Docket No. 150.

**2.** The named plaintiffs allege to be citizens of the State of Florida. *See Complaint,* Docket No. 1, ¶ 1.

**3.** The applicants for intervention are: Maria Ramos Piñero, Keisha Ruiz Ramos, Héctor Luis Ramos Piñero, Nancy Ivette Ramos Piñero, Miguel L. Ramos Piñero, Orlando del Valle Crespo, and minor Ishell Marie Dávila Villalobos.

vention as a Matter of Right under Rule 24(a)" and a "Complaint in Intervention" attached. *See* Docket No. 3. The attached intervenor complaint was filed pursuant to the provisions of Section 1983 and the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, and requested that this Court exercise supplemental jurisdiction of the state-law damages claim. The Court denied this request for intervention because their claims under Section 1983 and the Fourth, Fifth, Ninth, and Fourteenth Amendments had already been dismissed with prejudice by Judge Casellas in Civil Case 04–1351. *See* Docket No. 10.

The applicants timely appealed this order. The First Circuit affirmed that the movants were barred from refiling their federal claims, however, remanded the case for this Court to determine whether or not the movants were entitled to intervene as to the state law claim. *See* Docket No. 72. Specifically, the First Circuit ordered this Court to determine if movants met the requirements for intervention under Rule 24(a)(2) discussed in *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.,* 440 F.3d 541 (1st Cir.2006). The First Circuit also indicated that if this Court determined that although the intervenors met the requirements of Rule 24, intervention would destroy complete diversity, then this Court ought to apply the indispensability analysis mandated by Rule 19 of the Federal Rules of Civil Procedure. The First Circuit thus remanded so that this Court make further findings and engage in the applicable analysis.

In accordance with this ruling, this Court ordered the applicants to refile their motion to intervene wherein they properly argue three of the four requisites for inter-

vention of right under Rule 24 of the Federal Rules of Civil Procedure, namely: (a) that they have an interest relating to the property or transaction that forms the basis of the ongoing suit; (b) that the disposition of the action threatens to create a practical impediment to their ability to protect their interest; and (c) that no existing party adequately represents their interests.[4] *See* Docket No. 90.

The applicants for intervention complied with this Court's order. *See* Docket No. 91. In the motion, intervenor plaintiff Maria Ramos–Piñero contends that as the mother of the deceased minor she inherited a cause of action from her son for the damages he suffered during the moments prior to his death. Accordingly, she argues that she has an interest in the above-captioned claim because the cause of action that arises from her son's pain and suffering before his death is one claim that was inherited by both Luis A. Ruiz–Hance and herself. The intervenors also claim that any factual and substantive determinations reached in this case regarding the death of the minor may become controlling upon the claims of all of the absent parties. Therefore, claim or issue preclusion principles may apply to their claims and thus, the disposition of this action threatens to create a practical impediment to their ability to protect their interests. With regards to the third requirement, they argue that although plaintiff Luis A. Ruiz–Hance's stakes in the inherited claim are as high as Maria Ramos', he does not adequately represent her interests because she had custody of their son, and thus, she has better insight upon their deceased son's psyche and fears. Finally, the intervenors argue that they are not indispensable parties pursuant to the provisions of

4. In the November 15, 2007 Opinion and Order, this Court found that the intervenors complied with the first of the four prerequisites for intervention under Fed.R.Civ.P. 24(a)(2): that the application for intervention be timely filed. *See* Docket No. 90 at page 5.

Rule 19(b) of the Federal Rules of Civil Procedure.

Co-defendant the Municipality timely opposed the intervenors' motion (Docket No. 95), and co-defendants Israel Rodriguez and Blas Sandoval joined its opposition (Docket No. 97). In its response, the Municipality simply argues that pursuant to 28 U.S.C. § 1367, this Court should not allow the applicants' intervention because it would destroy diversity. In their reply, the intervenors argued that pursuant to *In re Olympic Mills Corp.*, 477 F.3d 1 (1st Cir.2007), the addition of necessary but dispensable, nondiverse intervenors does not divest the district court of diversity jurisdiction.

## II. DISCUSSION

### A. Intervention and the Complete Diversity Rule

■ "The district courts of the United States are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *See In re Olympic Mills Corp.*, 477 F.3d at 6 (citing *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).

In 28 U.S.C. § 1332, the sole basis for jurisdiction in this case, Congress bestowed upon the district courts original jurisdiction in civil actions between citizens of different states. The diversity requirement of § 1332 must be complete. In cases involving multiple plaintiffs or defendants, the presence of but one nondiverse party divests the district court of original jurisdiction over the entire action.

*In re Olympic Mills Corp.*, 477 F.3d at 6 (internal citation omitted).

■ The complete diversity rule "is most inflexibly applied at the time of filing, for it has long been settled that 'the juris-

diction of the court depends upon the state of things at the time of the action brought.'" *Id.* at 7. Notwithstanding, "[t]he postfiling context is more elastic." *Id.* As a general matter, "if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) (internal citations omitted) (holding substitution under FED.R.CIV.P. 25(c) neither destroyed diversity or divested the court of jurisdiction where added party was not indispensable at the time complaint was filed and had no interest in outcome until sometime after suit was commenced).

■ "There are exceptions, however: the postfiling introduction of a nondiverse party may, in certain circumstances, spoil the jurisdiction that obtained when the suit commenced." *In re Olympic Mills Corp.*, 477 F.3d at 7 (internal citations omitted). For example, the supplemental jurisdiction statute, 28 U.S.C. § 1367, identifies situations in which supplemental jurisdiction shall not be exercised, in particular where the joinder of persons seeking to be made parties under Federal Rules of Civil Procedure 14, 19, 20 or 24 would erode the complete diversity rule. Specifically, subsection (b) of the relevant statute provides that:

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemen-

228

tal jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

28 U.S.C. § 1367(b).

■ Specifically, Federal Rule of Civil Procedure 24(a)(2), provides in pertinent part that:

On timely motion, the court must permit anyone to intervene who:

. . .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED.R.CIV.P. 24(a)(2). Consequently, according to the relevant caselaw, a party desiring to intervene in a civil action under Rule 24(a)(2) must fulfill the following prerequisites: (1) a timely application for intervention; (2) a demonstrated interest relating to the property or transaction that forms the basis of the ongoing suit; (3) a satisfactory showing that the disposition of the action threatens to create a practical impediment to their ability to protect their interest; and (4) a satisfactory showing that existing parties inadequately represent their interest. *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.,* 440 F.3d 541, 544–545 (1st Cir.2006); *see also Public Service Co. of New Hampshire v. Patch,* 136 F.3d 197, 204 (1st Cir.1998). "The failure to satisfy all four conditions dooms intervention." *Kellogg USA, Inc.,* 440 F.3d at 545.

■ Now, when a nondiverse party seeking to intervene satisfies the requirements of Federal Rule of Civil Procedure 24(a)(2), the First Circuit Court of Appeals has held that a court must then turn to the indispensability analysis mandated by Rule

19(b). *Kellogg USA, Inc.,* 440 F.3d at 547. "Rule 19(b) provides that, if a nonparty is deemed necessary to litigation but joining that nonparty would deprive the court of jurisdiction, the court should permit the action to proceed only to the extent that 'equity and good conscience' warrant." *Id.* (*citing Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 109, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). *See also Picciotto v. Cont'l Cas. Co.,* 512 F.3d 9, 15 (1st Cir.2008) (Rule 19(b) "provides for the dismissal of suits when the court determines that the joinder of the 'necessary' parties is not feasible, but that they are, nonetheless, so 'indispensable' that the suit must not be litigated without them.").

In proceeding with its inquiry into both necessity and indispensability, a district court should keep in mind the policies that underlie Rule 19, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them.

*Id.* at 15–16 (*citing Acton Co. v. Bachman Foods, Inc.,* 668 F.2d 76, 78 (1st Cir.1982)).

To that effect, the First Circuit Court has concluded that when federal jurisdiction is premised on diversity of citizenship, the addition of a nondiverse intervenor under Rule 24(a)(2) that is also an indispensable party under Rule 19(b) divests the court of diversity jurisdiction. *Kellogg USA, Inc.,* 440 F.3d at 544. Notwithstanding the foregoing, the First Circuit Court has bypassed the complete diversity rule in situations where a non-diverse intervenor is **not** an indispensable party. *See In re Olympic Mills Corp.,* 477 F.3d at 11–12.

## B. Analysis

In the case under review, the original and amended complaints alleged only state-law claims, observed that plaintiffs were all residents of the State of Florida and that the defendants were all corporations, legal entities or residents of Puerto Rico. Therefore, the plaintiffs properly invoked the district court's diversity jurisdiction. However, the citizenship of the applicants for intervention is the same as that of the defendants. Nonetheless, they wish to enter the case as nondiverse intervenor plaintiffs arguing, in sum, that because they have the right to intervene pursuant to Rule 24(a)(2) and are not indispensable parties, their intervention should be allowed and the case should not be dismissed. We disagree. Having reviewed the motions and the applicable law, the Court agrees with intervenors that they are not indispensable parties, however, finds that the arguments set forth in favor of their intervention fail.[5]

 "In Puerto Rico, the cause of action for the pain and suffering experienced by a decedent prior to his/her death passes on to his/her estate and is actionable by the heirs as part of their legal portion known as the 'legitima'." *Arias–Rosado v. Gonzalez Tirado*, 111 F.Supp.2d 96, 98 (D.P.R.2000) (*citing Blas Toledo v. Hospital Guadalupe*, 146 P.R. Dec. 267 (1998); *Molina v. C.R.U.V.*, 114 P.R. Dec. 295, 313 (1983); *Vda. de Delgado v. Boston Ins. Co.*, 101 P.R. Dec. 598, 607 (1973)). "Likewise, under Puerto Rico inheritance law a succession or a decedent's estate is not an entity distinct and separate from the persons composing it." *Arias–Rosado,*

111 F.Supp.2d at 98. On the contrary, by simply accepting the estate, "each ... heir acquires an independent right over the estate[,] and the abstract portion of the estate that belongs to him/her immediately enters his/her patrimony as an independent and autonomous value that only belongs to him/her and of which he/she can dispose of with total liberty." *Id.* at 99 (*citing Kogan v. Registrador*, 125 P.R. Dec. 636, 652 (1990)). Moreover, "the Supreme Court of Puerto Rico has consistently held that being a succession a compulsory community of property and rights, any of the heirs ... may appear at the trial to defend his/her common rights. If he/she prevails, his/her victory is for the benefit of all the co-owners." *Arias–Rosado,* 111 F.Supp.2d at 99 (*citing Danz v. Suau*, 82 P.R. Dec. 609 (1961); *Tropigas de Puerto Rico v. Tribunal Superior*, 102 P.R. Dec. 630, 641 (1974)).

*Arias–Rosado v. Gonzalez Tirado*, 111 F.Supp.2d 96 (D.P.R.2000), one of the plaintiffs was the daughter of a driver who was killed in an automobile accident. She filed a wrongful death diversity suit seeking redress for both her own pain and suffering and that of the decedent. Whereas the plaintiffs were residents of the State of Florida, the remaining members of the succession who were absent from this litigation were Puerto Rico residents. As per the previous discussion on Puerto Rico's law of succession, the Court concluded that the nondiverse members of the estate were not indispensable parties as to the survivorship cause of action. *See Arias–Rosado*, 111 F.Supp.2d at 99. Most importantly, the Court added that there was no risk that the interest of the absent

---

5. It must be noted that in their motion, the intervenors' arguments focus on intervenor Maria Ramos interest in the damages claim she inherited along with plaintiff Luis A. Ruiz–Hance, thereby practically ignoring the remaining intervenors' arguments in favor of their own individual intervention. Accordingly, in our analysis, we shall do the same as intervenors have been given ample opportunity to properly present their arguments before this Court.

heirs would be impaired or not well-protected because "any judgment in favor of one or more participants benefits all other participants in a community of property whereas an adverse judgment only prejudices the one who filed the judicial action." *Id.* (*citing Danz v. Suau,* 82 P.R. Dec. 609 (1961); *Perez v. Cancel,* 76 P.R. Dec. 667, 675 (1954)). The Court thus concluded that complete relief could be accorded in the absence of the non-diverse heirs.

In the case now before the Court, it is clear that plaintiff Luis A. Ruiz–Hance brings the survivorship cause of action in his capacity as an heir of his son's estate, that is, on his own behalf. *See Arias–Rosado,* 111 F.Supp.2d at 99. Accordingly, "a favorable judgment to [Ruiz–Hance] will be dispositive of the survivorship claim and benefit the absent heirs. However, an unfavorable judgment will only prejudice [him] and not the absent heirs who still will have available the suit filed in state court wherein they asserted the survivorship claim." *Id.*

As a result of the foregoing discussion, this Court finds that the intervenors fail to meet one of the requirements a party that desires to intervene in a civil action under Rule 24(a)(2) must fulfill: a satisfactory showing that the disposition of the action threatens to create a practical impediment to their ability to protect their interest. Because the applicants for intervention do not satisfy one of the requirements imposed by the law, it is unnecessary to discuss whether the intervenors had a demonstrated interest relating to the property or transaction that forms the basis of the ongoing suit, and whether or not the existing parties inadequately represent their interest.

In the alternative, even if the applicants were entitled to intervene as a matter of right under Rule 24(a)(2), the intervenors' reliance in *In re Olympic Mills Corp.,* 477 F.3d 1 (1st Cir.2007) is inapposite. In holding that the addition of a nondiverse dispensable intervenor as a matter of right did not divest the court of diversity jurisdiction, the First Circuit Court in *In re Olympic Mills Corp.* distinguished the case from Kellogg stating that "a plaintiff cannot circumvent complete diversity by artful pleading." *In re Olympic Mills Corp.,* 477 F.3d at 11. The Court also noted that its decision was based on the fact that the interests of the intervenors did not arise until well after the suit had commenced. That is certainly not the case here. The interest of the intervenors in this case arose at the same time as that of the plaintiffs: when minor Antonio Luis Ruiz Ramos accidentally plunged into an open manhole and consequently drowned.

Moreover, "the intervention of a nondiverse party as a plaintiff raises a suspicious judicial eyebrow under § 1332." *Id.* at 12 n. 9 (internal citations omitted). It is clear to this Court that the plaintiffs in this case could not have brought the present damages claim in federal court if they would have named the intervenors as co-plaintiffs, like they did when they originally brought suit in 2004. Accordingly we hereby hold that a plaintiff cannot leave nondiverse potential co-plaintiffs out of the original lawsuit and then wait for them to intervene or be joined otherwise.

In conclusion, we find that the elements of Rule 24(a)(2) of the Federal Rules of Civil Procedure for holding a party as having the right to intervene are not present here. In addition, the intervenors cannot cheat the complete diversity rule by waiting until the diverse plaintiffs file suit, and then request intervention as of right on the grounds that they are dispensable parties based on the holdings of *In re Olympic Mills Corp.*

### III. CONCLUSION

In light of the foregoing, the Court **DENIES** intervenors' renewed motion to intervene (Docket No. 91).

**IT IS SO ORDERED.**