**Pedro Luis PAGAN–ORTIZ, Plaintiff,**

v.

**Victor CARLO–DOMINGUEZ,
et al., Defendants.**

**Civil No. 12–1360 (GAG).**

United States District Court,
D. Puerto Rico.

Oct. 14, 2013.

Javier De–La–Luz–Gamarra, Victor J. Casal–Vazquez, Casal Law Office, San Juan, PR, for Plaintiff.

Jose A. Gonzalez–Villamil, Gonzalez Villamil Law Office, Carmen M. Vivas–Pietri, LCDA. Carmen M. Vivas Pietri, Gilda Del C. Cruz–Martino, Simed, Angel R. De–Corral–Julia, Vivian Patricia Ramos–Santiago, De Corral & De Mier, San Juan, PR, Anselmo Irizarry–Irizarry, Matta & Matta PSC, Ponce, PR, Luis R. Lugo–Emanuelli, Lugo Emanuelli Law Office, Fajardo, PR, for Defendants.

### *MEMORANDUM OPINION*

GUSTAVO A. GELPÍ, District Judge.

After the parties filed a motion for summary judgment and a response in opposition, the court learned of a question over whether complete diversity exists. Diver-

sity must be complete. *See* 28 U.S.C. § 1332(a); *see generally Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). Plaintiff is a Floridian, while all Defendants are Puerto Rican. However, other members of Plaintiff's family are Puerto Rican citizens currently pursuing the same claims against Defendants in Puerto Rico court. (*See* Docket No. 158.)

Defendants include as exhibits extrajudicial claim letters from Plaintiff's attorney demanding compensation on behalf of the entire family for Defendants' purported wrongdoings, and Plaintiff states, "It is uncontested that [Plaintiff] made [the] valid extrajudicial claims" that Defendants included. (Docket Nos. 142–1 at 2; 142–1 at 2 n. 1.) The letters state, "The undersigned is the legal representative of the widow, heirs and children of [the decedent]." (*See e.g.,* Docket No. 139–4 at 1.) The claim is for "1,500,000.00 for the damages inherited by his children, damages [to] the widow, economic loss of the conjugal partnership, special damages, and others." (*Id.* at 1–2.) Plaintiff, by his attorney's admission, is one piece of the family puzzle.

The court has toiled with this issue on a number of occasions and need not spill more ink over the split within the district over whether all heirs are necessary parties under Puerto Rico survivorship claims.[1] The undersigned concurs with the rationale that each party who stands to benefit, particularly the widow or widower, is a necessary party under Rule 19 and that including these necessary parties disrupts complete diversity. *See generally Casillas–Sanchez v. Ryder Mem. Hosp., Inc.,* 960 F.Supp.2d 362, 2013 WL 4130613 (D.P.R. Aug. 15, 2013); *Segura–Sanchez v. Hospital General Menonita, Inc.,* 953

F.Supp.2d 344, 2013 WL 3488478 (D.P.R. July 12, 2013); *Pino–Betancourt v. Hosp. Pavia Santurce,* 928 F.Supp.2d 393 (D.P.R.2013); *Aguayo–Cuevas v. P.R. Elec. Power Auth.,* 286 F.R.D. 199 (D.P.R. 2012); *Cruz–Gascot v. HIMA–San Pablo Hosp. Bayamon,* 728 F.Supp.2d 14, 19–31 (D.P.R.2010); *see also Berganzo–Colon v. Ambush,* 704 F.3d 33, 42 (1st Cir.2013) (relying on *Cruz–Gascot's* discussion and analysis of unsettled nature of Puerto Rico law without accepting or rejecting conclusion). Thus, this case is **DISMISSED without prejudice.**

**SO ORDERED.**

---

1. Both parties vigorously and professionally informed the court of the differing perspec-   tives.