# United States Court of Appeals
## For the First Circuit

No. 12-2354

MARISOL CASON; PATRICIA BENAVIDES,

Plaintiffs-Appellants,

DAISY AGUAYO CUEVAS, individually and on behalf of her Minor
Children, E.A.T.A.; T.M.T.A.; J.M.T.A.; and A.J.T.A.,

Plaintiffs,

v.

PUERTO RICO ELECTRIC POWER AUTHORITY; ACE INSURANCE COMPANY;
PUERTO RICO TELEPHONE COMPANY, INC.; TRIPLE-S PROPIEDAD,

Defendants/Third Party Plaintiffs-Appellees,

JAF COMMUNICATIONS, INC.; UNIVERSAL INSURANCE COMPANY,

Third Party Defendants-Appellees,

ETL CONTRACTORS, INC.; INSURANCE COMPANY "Z",

Third Party Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Francisco A. Besosa, U.S. District Judge]

Before
Torruella and Lipez, Circuit Judges,
and Gelpí,[*] District Judge.

Hatuey Infante-Castellanos, with whom Toby B. Fullmer and
Matthews & Fullmer, L.L.C., were on brief, for appellants Cason and
Benavides.
Ángel A. Valencia-Aponte, was on brief, for of appellee Puerto
Rico Electric Power Authority.

---

[*]Of the District of Puerto Rico, sitting by designation.

November 4, 2014

**GELPÍ, District Judge**.

Plaintiffs-Appellants, Marisol Cason and Patricia Benavides ("Cason and Benavides"), filed a wrongful death suit against Defendants in the United States District Court in Puerto Rico. The Defendant-Appellee, Puerto Rico Electric Power Authority ("PREPA"), challenged the District Court's jurisdiction, arguing that an additional, non-diverse member of the decedent's estate who was not made a party to the action, was indispensable, and that, in turn, his joinder destroyed the parties' complete diversity.

The District Court agreed that the presence of this non-diverse absent heir was required to adjudicate the suit. The court thus dismissed the entire action for lack of subject matter jurisdiction. This included the decedent's estate survivorship action, as well as individual damages actions by estate members, the decedent's consensual partner, and two sisters, Cason and Benavides, who are not his heirs.

In this appeal, Cason and Benavides argue that the District Court erred in dismissing the complaint in its entirety, including their personal claims, which were separate and distinct from those of the estate and its members. They also posit that the court erred in its determination that the missing heir was a necessary and indispensable party to the federal action. More so, given that the plaintiffs who asserted the survivorship action

requested dismissal voluntarily, Cason and Benavides note that only their individual claims remained before the District Court.  Thus, they argue that they are, always have been, and will remain diverse in any federal action brought against the defendants.

We conclude that the dismissal of Cason and Benavides's personal actions was unwarranted.  The non-diverse absent party was, in any event, not required to adjudicate the action because the members of the estate requested voluntary dismissal of their claims.  The voluntary dismissal eliminated the survivorship action and with it any concern as to the indispensability and joinder issue raised by PREPA.  The only claims that remained were those of Cason and Benavides, which were jurisdictionally sound.  Without question, the District Court had jurisdiction over said claims.

## I. Background

### A. The Accident

Edwin Torres-López ("Torres-López" or "the decedent"), died from electrocution on September 20, 2010, at age thirty-three.  At that time, he owned and operated a company which performed subcontract work for telecommunications companies in Puerto Rico, including, the Puerto Rico Telephone Company ("PRTC").  He was electrocuted by a "down-guy" wire connected to a utility pole which was improperly energized while he was removing and installing telecommunications cables.  PREPA and the PRTC are purportedly responsible for the utility pole in question.

**B. Procedural Background**

    1.        <u>The Resulting Litigation in the District Court</u>

Daisy Aguayo-Cuevas, the decedent's consensual partner, individually and on behalf of her and Torres-López's four minor children (the "Torres-Aguayo heirs," and together with their mother the "Aguayo plaintiffs") filed a wrongful death complaint in the United States District Court on September 15, 2011. Cason and Benavides, the decedent's sisters, also joined the action as named plaintiffs. The named defendants were PREPA, the PRTC, and their insurance companies (collectively "Defendants"). All plaintiffs sought relief for their own pain and suffering resulting from the illegal death of Torres-López.[1] In addition, the Torres-Aguayo heirs sought to recover for the damages their father suffered prior to his death via a survivorship action.[2]

---

[1] Puerto Rico law permits relatives of the deceased and certain other individuals, such as consensual partners, to bring a personal claim under Article 1802 of the Puerto Rico Civil Code, for their personal damages caused by the decedent's wrongful death. P.R. LAWS ANN. tit. 31 § 5141. Such an action is not limited to family members, is not dependent upon status as an heir, and does not require plaintiff to have suffered physical injury or economic loss. See Montalvo v. González-Amparo, 587 F.3d 43, 47 (1st Cir. 2009); Hernández v. Fournier, 80 P.R. Dec. 93, 98-99 (1957).

[2] At times, the term "survivorship action" or "inherited claim" has been confused by the parties to refer to claims brought by the decedent's heirs for their own pain and suffering resulting from an illegal death. This is incorrect. As will be discussed further, there are two types of actions that stem from the tort of wrongful death: individual damages and survivorship actions. Both actions are separate and distinct from one another. See Montalvo, 587 F.3d at 46; Widow of Delgado v. Boston Ins. Co., 1 P.R. Offic.

The District Court's jurisdiction was premised on diversity of citizenship; at the time the complaint was filed, all named plaintiffs were domiciled in San Antonio, Texas, and all named defendants were domiciled in Puerto Rico.

On November 10, 2011, PREPA filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, as well as Fed. R. Civ. P. 12(b)(7), for failure to join a necessary party under Fed. R. Civ. P. 19.  Therein, PREPA contended that the survivorship cause of action should be dismissed pursuant to Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamón, 728 F. Supp. 2d 14 (D.P.R. 2010), which held that all members of an estate must be named as parties to a survivorship action brought under Puerto Rico law.  PREPA averred that a fifth member of Torres-López's estate was missing from the action, to wit, a child from a previous relationship (hereinafter the "fifth minor child").  PREPA argued that this additional heir was a necessary and indispensable party, and thus, the case could not proceed without him.  However, because this child was domiciled in Puerto Rico, joining him would vitiate the court's diversity jurisdiction.  Moreover, PREPA argued that the personal actions for damages brought by Cason and Benavides should also be dismissed in "equity and good conscience" pursuant to Fed. R. Civ. P. 19(b) because dismissal would allow

Trans. 823, 825, 101 P.R. Dec. 598, 602 (1973).

-6-

said plaintiffs to initiate a suit in the Commonwealth court of Puerto Rico.

On January 9, 2012, the Aguayo plaintiffs voluntarily moved to dismiss without prejudice of all their personal damages claims, as well as the estate's survivorship action pursuant to Fed. R. Civ. P. 41(a)(2). They informed the court that they no longer resided in Texas having moved to Puerto Rico. They also stated that they intended to pursue all their claims in Commonwealth court along with the fifth minor child.[3] However, they noted that Cason and Benavides, who remained Texas citizens, would continue to assert their personal claims in federal court. The Defendants did not file any opposition to the voluntary dismissal request. On January 9, 2012, all plaintiffs opposed PREPA's motion to dismiss noting that the same became moot upon the Aguayo plaintiffs' request for voluntary dismissal, as Cason and Benavides were now the only remaining plaintiffs.

On January 31, 2012, PREPA replied to plaintiffs' opposition to dismissal. It did not challenge Cason and Benavides's Texas domicile and solely argued that the District Court should nonetheless abstain from adjudicating Cason and Benavides's personal actions under <u>Colorado River Water</u>

---

[3] Plaintiffs-Appellants allege they had no prior knowledge of the fifth minor child's existence when they filed their federal suit. It appears they learned he existed once PREPA asked the District Court to take judicial notice of a Commonwealth court case brought by his mother on his behalf.

Conservation Dist. v. U.S., 424 U.S. 800 (1976). PREPA posited that, regardless of the sisters' diverse status, they should be required to join the other plaintiffs' state action and litigate in Commonwealth court.

On May 2, 2012, a magistrate judge issued a report and recommendation on PREPA's motion to dismiss suggesting that the District Court grant the Aguayo plaintiffs' voluntary dismissal motion. The report and recommendation further suggested that the District Court deny the motion to dismiss for failure to join an indispensable party because the heirs who brought the survivorship action were no longer parties. The magistrate judge noted that there was no concern for the failure to join an indispensable party, as articulated in Cruz-Gascot. More so, she noted that Cason and Benavides, who are not estate members, only claimed individual damages for the pain and suffering their brother's untimely death personally caused them. Said claims were the only ones left and thus, were jurisdictionally sound. Regarding Colorado-River, the magistrate judge noted that abstention under said doctrine required exceptional circumstances and was improper because Cason and Benavides were not heirs of the decedent. Contrary to PREPA's assertion, there was no parallel state court action for them to join.

On May 16, 2012, PREPA objected to the report and recommendation. Thereafter, on September 28, 2012, the District

Court issued a memorandum and order rejecting the same. The court held that the non-diverse fifth minor child was indispensable and his presence was required to adjudicate the suit. However, his joinder would destroy the parties' complete diversity. The District Court thus dismissed the entire action, including Cason and Benavides's individual claims, for lack of subject matter jurisdiction. In doing so, it relied exclusively on Cruz-Gascot.[4]

## II. Discussion

### A. The Tort of Wrongful Death

In Puerto Rico, the tort of wrongful death gives rise to two separate causes of action recognized under Article 1802 of the Puerto Rico Civil Code. See P.R. LAWS ANN. tit. 31 § 5141.[5] The first is the victim's personal action for damages experienced by him or her prior to death and caused by the negligent or intentional act or omission of another person. See Montalvo, 587 F.3d at 46; Widow of Delgado, 1 P.R. Offic. Trans. 823, 825 (1973). This action is known as a "survivorship action."

The second type of tort action recognized under Article 1802 of the Puerto Rico Civil Code is the personal action that corresponds exclusively and by own right to the decedent's

[4] The District Court did not address the Colorado River argument. Therefore, we do not, either.

[5] Article 1802 provides that: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. LAWS ANN. tit. 31 § 5141.

relatives or any individual who personally suffers damages by virtue of the decedent's death, regardless of status as an heir. Widow of Delgado, 1 P.R. Offic. Trans. at 825; see Montalvo, 587 F.3d at 47; Hernández, 80 P.R. Dec. at 98-99.

In the present case, the complaint filed by plaintiffs invoked both types of actions under Article 1802. The complaint alleged that all named plaintiffs suffered personal damages as a result of the wrongful death of Torres-López. In addition, the Torres-Aguayo heirs alone, as members of his estate, exercised the survivorship action.[6]

## B. The Joinder Issue

Questions of subject matter jurisdiction are reviewed de novo. Cooper v. Charter Comm. Entertainment, 760 F.3d 103, 105 (1st Cir. 2014). The appeal at bar raises the question of whether the District Court erred in disposing of the entire case, by also disposing of Cason and Benavides's personal actions, which were separate and distinct from the estate's survivorship action.

The issue of whether all heirs must be joined as parties to a diversity suit asserting a survivorship action has been addressed on multiple occasions by the federal district court in

---

[6] Having died intestate, Torres-López's heirs, or his estate, are his five minor children who acquired altogether the rights of their predecessor, Velilla v. Piza, 17 P.R. Dec. 1112, at *4 (1911), and who now participate in a hereditary community where each "conveys a joint right to the aggregate" inheritance. See Kogan v. Registrador, 125 P.R. Dec. 636, 652 (1990).

Puerto Rico. The several judges therein are squarely divided as to whether a non-diverse absent heir is a necessary and indispensable party under Fed. R. Civ. P. 19.[7]

In Jiménez v. Rodríquez-Pagán, 597 F. 3d 18 (1st Cir. 2010), this court "harbor[ed] considerable skepticism" that non-diverse absent heirs were, in fact, indispensable parties under Rule 19 to a wrongful death suit. See Jiménez, id. at 23. Because of the unique procedural posture of this case, i.e., the voluntary dismissal of the Aguayo plaintiffs' claims, we need not rule at this time on the Rule 19 joinder issue. In exercising the survivorship action, the Torres-Aguayo heirs, as members of Torres-

_____

[7] Compare, e.g., Reyes-Ortíz v. HIMA San Pablo-Bayamón, No. 11-1273 (D.P.R. June 16, 2014); Segura–Sanchez v. Hosp. Gen. Menonita, Inc., 953 F. Supp. 2d 344, 348 (D.P.R. 2013); Casillas-Sanchez v. Ryder Mem'l Hosp., Inc., No. 11-2092, 2013 WL 3943517, at *1 (D.P.R. July 30, 2013); Pagán-Ortíz v. Carlo-Dominguez, 977 F. Supp. 2d 106 (D.P.R. 2013); Pino-Betancourt v. Hosp. Pavía Santurce, 928 F. Supp. 2d 393, 396 (D.P.R. 2012), (cases holding that all heirs are required and indispensable parties to a wrongful death suit asserting a survivorship action), with Rodríguez v. Integrand Assur. Co., No. 10-1476, 2011 WL 3439260 at *3 (D.P.R. Aug. 5, 2011); Muñiz-Mercado v. Hosp. Buen Samaritano, No. 09-1829, 2010 WL 923 at *1 (D.P.R. Oct. 26, 2010); Martínez-Alvarez v. Ryder Mem'l Hosp., Inc., No. 09-2038, 2010 WL 3431653 at *18 n.9 (D.P.R. Aug. 31, 2010); Ruiz-Hance v. Puerto Rico Aqueduct & Sewer Auth., 596 F. Supp. 2d 223, 229-30 (D.P.R. 2009); Rodríguez-Rivera v. Rivera Ríos, No. 06-1381, 2009 WL 564221, at *3. (D.P.R. Mar. 5, 2009); Arias-Rosado v. González Tirado, 111 F. Supp. 2d 96, 99 (D.P.R. 2000); Cintrón v. San Juan Gas, Inc., 79 F. Supp. 2d 16, 19 (D.P.R. 1999) (cases holding that survivorship actions can be brought on behalf of the estate without joining all heirs as parties); see also Anderson v. The Islamic Republic of Iran, 753 F. Supp. 2d 68, 83 (D.D.C. 2010) ("District Courts in the First Circuit have had numerous opportunities to discuss the application of Puerto Rico law on this matter, and have reached a consensus that the Puerto Rico law regarding causes of action by members of an estate permits individual members to bring a cause of action for the decedent's pain and suffering").

López's estate, sought to recover his damages. However, later, they chose to voluntarily dismiss all their claims pursuant to Fed. R. Civ. P. 41(a)(2).

Rule 41(a)(2) permits a plaintiff to request dismissal of an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); Colón-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc., 723 F.3d 82, 87 (1st Cir. 2013). The rule allows a plaintiff to voluntarily dismiss his own case as long as "no other party will be prejudiced." P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (citing LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)) (internal quotation marks omitted). The court is responsible for ensuring that such prejudice will not occur. Colón-Cabrera, 723 F. 3d at 87; Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000).

Moreover, a district court should grant a motion for voluntary dismissal unless a defendant can show that it would suffer some plain legal prejudice as a result thereof, as opposed to facing the mere prospect of a second lawsuit. See Doe v. Urohealth Sys., Inc., 216 F.3d 157, 161 (1st Cir. 2000).

Here, Defendants did not oppose the Aguayo plaintiffs' request for voluntary dismissal, which included the claim by Torres-López's estate. Pursuant to Local Rule of Civil Procedure 7(b), "[u]nless within (14) days after the service of a motion the opposing party files a written objection to the motion,

-12-

incorporating a memorandum of law, the opposing party shall be deemed to have waived objection." D.P.R. Civ. R. 7(b). Rather than opposing the request for voluntary dismissal filed by the Aguayo plaintiffs, Defendants' response was limited to requesting the District Court not to exercise diversity jurisdiction over the claims brought by Cason and Benavides. We also do not see any plain legal prejudice in granting said request. The District Court, however, found that the fifth minor child would be prejudiced if he were not joined to the suit. In doing so, it afforded no weight to the request for voluntary dismissal of the Aguayo plaintiffs, but rather centered its determination on the issue of the fifth minor child's joinder.

Faced with the Aguayo plaintiffs' request for voluntary dismissal, instead of dismissing the entire case, the District Court should have granted said request and retained jurisdiction over Cason and Benavides's personal actions. The case no longer involved a survivorship claim belonging to the estate, and, therefore, the indispensability issue became moot. At that point, no heir had an interest in the subject matter of the remaining actions, which are completely separate from those of the estate. As such, there was no potential prejudicial effect in adjudicating Cason and Benavides's individual claims. Moreover, the court could have afforded complete and meaningful relief as to those parties remaining in the litigation.

-13-

## C. Jurisdiction and Dismissal of Dispensable Parties

Even if we held, like the District Court, that the fifth minor child was an indispensable party who defeated complete diversity, this federal suit involved additional parties who were entirely diverse when the federal proceedings began. Instead of dismissing the entire case, including Cason and Benavides's personal actions, the District Court had yet another alternative to preserve its jurisdiction.

The time-of-filing rule is used to determine whether diversity jurisdiction exists. Like most general principles, this rule is susceptible to some exceptions. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). One applicable exception is found in Fed. R. Civ. P. 21. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered"and this is done by order of the court on motion of any party or of [the court's] own initiative . . . on such terms as are just." Id. at 832-33. Dismissal of a non-diverse dispensable party has long been recognized as a way to cure a jurisdictional defect and Rule 21 explicitly vests district courts with authority to allow a dispensable non-diverse party to be dropped at any time. See id. at 832-38 (noting that Rule 21 authorizes courts to dismiss non-diverse defendants to cure jurisdictional defects, instead of dismissing the entire case); see

-14-

also <u>Caterpillar</u> v. <u>Lewis</u>, 519 U.S. 61, 76-77 (1996) (same).

> [T]he question always is, or should be, when objection is taken to the jurisdiction of the court by reason of the citizenship of some of the parties, whether . . . they are indispensable parties, for if their interests are severable and a decree without prejudice to their rights can be made, the jurisdiction of the court should be retained and the suit dismissed as to them.

<u>Horn</u> v. <u>Lockhart</u>, 84 U.S. 570, 579 (1873). When the change in parties does not "affect the course of the litigation," and does not "embarrass the defendant," requiring the plaintiffs to start over in the district court "would entail needless waste and runs counter to effective judicial administration." <u>Mullaney</u> v. <u>Anderson</u>, 342 U.S. 415, 417 (1952).

"The post-commencement party lineup changes," here, the Aguayo plaintiff's request for dismissal, "simply trimmed the litigation down to an ever-present core that met the statutory requirement," to wit, Cason, Benavides, and Defendants. <u>See</u> <u>Grupo Dataflux v. Atlas Global Grp.</u>, 541 U.S. 567, 591 (2004). Here too there was a change in the party lineup that eliminated any jurisdictional "spoilers" and did not affect the course of the proceedings. <u>See</u> <u>Newman-Green</u>, 490 U.S. at 837-38. More so, if the missing heir had been joined, his dismissal would not prejudice any of the remaining parties to the litigation. <u>See</u> <u>id.</u> at 837-38.

"[C]onsiderations of finality, efficiency, and economy" certainly apply here. <u>See</u> <u>Grupo Dataflux</u>, 541 U.S. at 592. Rigid insistence on the time-of-filing rule, rather than eliminating the

jurisdictional defect the District Court found, would mean an almost certain replay of the case. See Newman-Green, 490 U.S. at 837. In dismissing the entire suit, Cason and Benavides, undoubtedly diverse parties, would simply re-file their claims against Defendants in the district court. If an easily curable jurisdictional defect is discovered shortly after a case is filed, the district court should decide whether the plaintiff must be put to the bother of filing a fresh suit "which at long last will merely bring the parties to the point where they now are." Hackner v. Guaranty Trust Co. of New York, 117 F.2d 95, 98 (2d Cir. 1941). Cason and Benavides "should not be compelled to jump through these judicial hoops merely for the sake of hypertechnical jurisdictional purity." Newman-Green, 490 U.S. at 837.

The aforementioned considerations weigh heavily against dismissing Cason and Benavides's personal actions. Instead of dismissing the entire case for want of jurisdiction the District Court had the authority to drop the "diversity destroying" party, thereby curing any purported jurisdictional defect it found and salvaging its jurisdiction as between those parties who were properly before it. "[E]ven on questions of a court's adjudicatory authority in particular, salvage operations are ordinarily preferable to the wrecking ball." Grupo Dataflux, 541 U.S. at 592 (Ginsburg, J., dissenting).

**III. Conclusion**

For the reasons stated, the judgment of the District Court is **REVERSED**, and the case is **REMANDED** for proceedings consistent with this opinion.  Costs shall be assessed against the appellees.