# United States Court of Appeals
## For the First Circuit

No. 11-2477

MANUEL A. COLÓN CABRERA,

Plaintiff, Appellant,

v.

ESSO STANDARD OIL CO. (PUERTO RICO), INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Torruella, Lipez, and Howard,
Circuit Judges.

Carlos E. Montañez Alvarado for appellant.
    Tynan Buthod, with whom Baker Botts L.L.P., Carla García-Benítez, and O'Neill & Borges, were on brief, for appellee.

July 17, 2013

**LIPEZ, Circuit Judge**.  Appellant Manuel Colón Cabrera filed suit against appellee Esso Standard Oil Company under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972, seeking to compel Esso to remediate environmental contamination at a gas station he owned.  After lengthy proceedings in the district court and in a concurrent action in the Puerto Rico commonwealth courts, Colón Cabrera filed a motion for voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2), stating that the federal lawsuit was no longer necessary in light of Esso's alleged concession that it would clean up his gas station.  The district court held its ruling on the motion in abeyance while the parties engaged in settlement negotiations.  Although it appeared for a time that the parties would be able to resolve the matter, the negotiations were ultimately unsuccessful.  The district court subsequently granted Colón Cabrera's motion, but chose to dismiss the case with prejudice pursuant to Rule 41(a)(2) and assess attorneys' fees and costs against him.

Colón Cabrera filed this appeal, arguing that the district court abused its discretion in dismissing the case with prejudice.  The parties offer different portrayals of the proceedings below, but the issue that concerns us here is the district court's emphasis on Colón Cabrera's refusal to accept Esso's settlement offers.  We conclude that dismissing the case with prejudice based on appellant's refusal to settle was an abuse

-2-

of discretion.  We therefore vacate the dismissal order and remand for further proceedings.[1]

## I.

To understand the parties' positions in this case, we must explain not only the procedural history of this litigation, but also the path of the concurrent Commonwealth action between the same parties that alleged similar, if not identical, claims.

### A.  The Concurrent Commonwealth Action

The parties' dispute arises out of Colón Cabrera's operation of a gas station under the Esso trademark.  The property on which the gas station is located turned out to be contaminated with various pollutants, and the responsibility for and extent of the necessary remediation has been a subject of much contention between the parties.

In 2005, Colón Cabrera initiated a proceeding in the Puerto Rico commonwealth courts against Esso, asserting various claims arising under Puerto Rico law and seeking damages.  In late 2007, he filed a motion for partial summary judgment in that case, which Esso opposed in addition to filing its own motion for summary judgment.  In March 2009, the Puerto Rico Superior Court resolved the motions in Colón Cabrera's favor, holding that Esso had made a

---

[1] Colón Cabrera also appealed the district court's decision to impose fees and costs against him.  At oral argument, the parties represented that the court had decided to defer the award of fees and costs until we resolved this appeal.  The parties thus agreed that we need not reach that issue.

"unilateral declaration of intent" that bound the defendant to remediate the contamination at the gas station. The Commonwealth court's order required Esso to investigate the extent of the contamination on appellant's property and engage in the necessary remediation, as well as pay any related expenses. Esso appealed the decision to the Court of Appeals of Puerto Rico.

On October 29, 2010, the appellate court upheld the court of first instance's grant of partial summary judgment in Colón Cabrera's favor, and remanded for further proceedings. Esso filed a petition for certiorari with the Supreme Court of Puerto Rico challenging this decision. On May 13, 2011, the Supreme Court of Puerto Rico denied Esso's petition, leaving undisturbed the grant of partial summary judgment.

**B. The Federal Action and the Parties' Initial Settlement Efforts**

While the litigation in the Commonwealth courts was in its appellate stages, Colón Cabrera filed a complaint in federal court on October 6, 2009, alleging violations of RCRA. This complaint sought, inter alia, civil penalties and an injunction mandating that Esso conduct environmental remediation at the site. The company responded with a motion to dismiss, invoking Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

While this motion was pending, the parties engaged in settlement negotiations. The parties' attempts to settle the federal case broke down in late 2010, and they decided to resume

-4-

litigation.  After the district court denied Esso's long-pending motion to dismiss on January 26, 2011, the company filed an answer and counterclaim in February of that year.  This pleading asserted that Esso had repeatedly tried to implement a remediation plan at the gas station, but that Colón Cabrera had denied it access to the property.

**C.  Colón Cabrera's Rule 41 Motion and the Subsequent Proceedings**

On March 16, 2011, Colón Cabrera filed a motion for voluntary dismissal under Rule 41(a)(2).  He stated that the parties' dispute may have arisen from a "miscommunication" between Esso and appellant's retained environmental expert, as well as a misunderstanding regarding the scope of the appropriate remediation.  Contending that Esso's pleading was the first time that it had expressed a willingness to "clean up the contamination of the property,"[2] and believing that this purported concession would resolve the federal case, Colón Cabrera sought dismissal of the federal action without prejudice and without the imposition of attorneys' fees or costs.

On its own initiative, the district court immediately issued an order holding appellant's motion in abeyance and directed the parties to meet and confer regarding settlement terms.  After

---

[2] Esso vigorously disputes this statement, and has placed correspondence into the record indicating that it had been communicating its intent to conduct remediation activities on the site since 2008.

further negotiations, Esso sent appellant an offer on April 7, which stated that Esso would pay $200,000 in exchange for, inter alia, the dismissal with prejudice of both the federal action and the concurrent Commonwealth action. At this time, the Supreme Court of Puerto Rico had not yet ruled on Esso's petition for certiorari in the concurrent Commonwealth action. Colón Cabrera rejected this offer, stating that he was unwilling to dismiss the Commonwealth action until he had a better sense of the damages he could obtain via that lawsuit. At the least, he did not wish to engage in negotiations regarding damages until the remediation work had been completed at the gas station.

As the parties could not reach an accord, the district court informed them that it would move forward with a previously calendared scheduling conference on May 12, 2011, to discuss pretrial proceedings and trial. Colón Cabrera requested that the scheduling conference be converted to a settlement conference because he believed that an agreement could be reached with respect to the federal claims. The court granted this motion, and set the settlement conference for the same day as the previously set scheduling conference. The requested conference took place, but the parties could not come to terms even with the court's facilitation. A text entry on the district court docket states that "[t]he Court recommended that th[e] case be settled" and

granted additional time for the parties to continue negotiations. The court also set a trial date for June 20, 2011.

As noted, on May 13, 2011, the day after the parties' settlement conference, the Supreme Court of Puerto Rico denied Esso's petition for certiorari in the concurrent Commonwealth action, meaning that the grant of partial summary judgment in Colón Cabrera's favor remained standing.

On May 24, 2011, appellant filed a pleading with the court indicating that despite the settlement conference's lack of success, the parties were on the verge of resolving the case. He specifically stated that "the issue of monetary compensation has been resolved" and that he "ha[d] accepted the monetary compensation offered by defendant Esso." He asked for more time to "fine tun[e]" the terms of the settlement and release, and stated that he would inform the court once that process was complete.

**D.  The June Hearings and the District Court's Order**

Colón Cabrera had spoken too soon. On June 3, 2011, about two weeks later, he filed another pleading indicating that settlement negotiations had stalled yet again. This pleading stated that Esso "is refusing to grant plaintiff a complete release under the same conditions that Esso is requesting from plaintiff" and again requested that an upcoming scheduling conference be converted to a settlement conference. The court denied that request.

-7-

The court held a pretrial conference on June 6, 2011. Despite the court's previous denial of plaintiff's request to convert this hearing into a settlement conference, the parties reported the status of their negotiations to the judge and discussed with him the wording of a clause in the proposed settlement agreement that was a sticking point. This hearing was continued to a "settlement conference" set for the next day, when Colón Cabrera's counsel stated that his client was still unwilling to settle. The court inquired whether appellant insisted on obtaining a release "for things that are totally unrelated to this whole situation," and counsel replied in the affirmative. The parties agreed that the court should rule on Colón Cabrera's pending Rule 41 motion,[3] but Esso argued that the motion should be granted with prejudice and with the imposition of fees and costs. The court characterized the parties' inability to settle the matter as "very unfortunate" and told plaintiff's counsel that "your client is a very stubborn man." The court then took the matter under submission.

---

[3] As noted, Esso asserted counterclaims for declaratory relief against Colón Cabrera. Rule 41(a)(2) provides that "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." Esso stated to the district court that its counterclaims could be severed from Colón Cabrera's underlying claims, and that they therefore posed no barrier to granting voluntary dismissal.

Two days later, the district court issued an order granting Colón Cabrera's motion for voluntary dismissal and dismissed the case with prejudice.  The court explained the essence of its decision in a brief paragraph, observing that Colón Cabrera had been given "numerous opportunities to settle this case" and that "[t]he Court granted Plaintiff several extensions to negotiate the terms of the settlement and Plaintiff has refused to do so." The court also stated that it had considered "Defendant's efforts and expenses in preparing this case for trial and in offering to settle, as well as[] the costs associated with Plaintiff's repeated delays in deciding whether to settle."  Finally, the court stated that it would award attorneys' fees and costs to Esso, but did not set the award's amount.

Colón Cabrera filed a timely motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) and for relief from judgment pursuant to Federal Rule of Civil Procedure 60, both of which the district court summarily denied.  This appeal followed.

## II.

### A.  Legal Standard Governing Rule 41(a)(2)

Rule 41(a)(2) permits a plaintiff to request dismissal of an action "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  The rule allows a plaintiff to voluntarily dismiss his own case as long as "no other party will be

prejudiced." P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981) (quoting LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976)) (internal quotation mark omitted). The court is responsible for ensuring that such prejudice will not occur. Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000). The rule also provides that such a dismissal is without prejudice, "[u]nless the [court's] order states otherwise." Fed. R. Civ. P. 41(a)(2). Accordingly, dismissal without prejudice is the norm, "unless the court finds that the defendant will suffer legal prejudice." Leith, 668 F.2d at 50. The mere prospect of a subsequent lawsuit does not constitute such prejudice. See Doe, 216 F.3d at 160-61.

Our review of the district court's decision to grant a Rule 41(a)(2) voluntary dismissal is for abuse of discretion. Doe, 216 F.3d at 160. Thus, "we may not reverse a determination simply because we, if sitting as a court of first instance, would have weighed the relevant considerations differently." Negrón-Almeda v. Santiago, 528 F.3d 15, 21 (1st Cir. 2008). By the same token, the standard is not a "rubber stamp, counseling affirmance of every discretionary decision made by a trial court." Id. The court exceeds its discretion when it "fails to consider a significant factor in its decisional calculus, if it relies on an improper factor in computing that calculus, or if it considers all of the appropriate factors but makes a serious mistake in weighing such

-10-

factors."  De Jesus Nazario v. Morris Rodriguez, 554 F.3d 196, 199
(1st Cir. 2009).

**B.  The District Court's Analysis**

The central issue before us is whether the court abused
its discretion by factoring Colón Cabrera's refusal to settle into
its decision.  Resolving this issue requires us to identify the
precise relevance that the course of settlement negotiations may
have under Rule 41(a)(2).

Voluntary dismissal under Rule 41(a)(2) is conditioned on
court permission "to protect the nonmovant from unfair treatment."
Grover by Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir.
1994).  Such unfairness can take numerous forms, including "the
defendant's effort and expense of preparation for trial, excessive
delay and lack of diligence on the part of the plaintiff in
prosecuting the action, insufficient explanation [of] the need to
take a dismissal, and the fact that a motion for summary judgment
has been filed by the defendant."  Doe, 216 F.3d at 160 (quoting
Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969))
(internal quotation marks omitted).  For example, it is appropriate
to consider whether "a party proposes to dismiss the case at a late
stage of pretrial proceedings, or seeks to avoid an imminent
adverse ruling."  In re FEMA Trailer Formaldahyde Prods. Liab.
Litig., 628 F.3d 157, 162 (5th Cir. 2010); see also Brown v. Baeke,
413 F.3d 1121, 1124 (10th Cir. 2005).  A plaintiff should not be

permitted to force a defendant to incur substantial costs in litigating an action, and then simply dismiss his own case and compel the defendant to litigate a wholly new proceeding.

Despite the variety of circumstances that may weigh in favor of dismissing the case with prejudice, the inclusion of a plaintiff's handling of settlement negotiations into this analysis requires particular care. The decision to settle is a highly subjective one that represents a desire to waive permanently a party's claims for the sake of finality. See Ehrheart v. Verizon Wireless, 609 F.3d 590, 595 (3d Cir. 2010) ("The choice to settle implicitly acknowledges calculated risks and . . . reflects the deliberate decision of both parties to opt for certainty in terminating their litigation."). This choice must be left to the individual litigant's judgment. See Del Rio v. N. Blower Co., 574 F.2d 23, 26 (1st Cir. 1978) ("There is no duty . . . to settle cases, or to reduce one's claims."). While "the law favors the voluntary settlement of civil suits, it does not sanction efforts by trial judges to effect settlements through coercion." Kothe v. Smith, 771 F.2d 667, 669 (2d Cir. 1985) (citation omitted). Accordingly, using the discretion conferred by Rule 41(a)(2) to penalize a plaintiff for not settling a case places too much coercive power within the hands of the district judge. See Goss Graphics Sys., Inc. v. DEV Indus., Inc., 267 F.3d 624, 627-28 (7th

Cir. 2001) ("If parties want to duke it out, that's their privilege.").

As this case's procedural history shows, the district court played an assertive role in facilitating settlement talks between the parties. The court put substantial effort into encouraging negotiations, including deferring a ruling on the Rule 41 motion and holding settlement conferences with the parties. Some of these actions were taken in response to appellant's requests, and were directed toward the laudatory goal of bringing the case to a less acrimonious and resource-intensive conclusion. We appreciate the district court's efforts in this regard.

Nevertheless, the record also demonstrates that the district court permitted the information gleaned through its involvement with the settlement talks to exert undue influence over its disposition of appellant's Rule 41 motion. The written order on the motion notes Colón Cabrera's "numerous opportunities to settle this case" and his "refusal to do so" despite being given several extensions of time. The order also notes Esso's "efforts and expenses in preparing this case for trial and in offering to settle, as well as[] the costs" it incurred during Colón Cabrera's "repeated delays in deciding whether to settle." These facts are identified as the basis for dismissing the case with prejudice. These observations echo the disappointment the court expressed from the bench at the June 7, 2011, hearing, where it called Colón

Cabrera's refusal to settle "very unfortunate" and chastised him for his obstinacy.

Given these statements, it is clear that the district court disfavored Colón Cabrera's rejection of multiple opportunities to settle his federal case, blamed him for the failed settlement talks, and decided that appellant's conduct justified dismissal with prejudice. Relying on Colón Cabrera's failure to settle was an abuse of discretion. Even if the district court's view of the settlement talks had a legitimate basis, dismissing the case with prejudice based on Colón Cabrera's adherence to his negotiating position effectively penalized appellant for not resolving his claims in the manner that the district court viewed as most reasonable. Using Rule 41 in this way intruded too heavily into a decisionmaking process that should have been left to the parties.

Notwithstanding this concern, we perceive a crucial distinction between a party's decision as to <u>whether</u> to settle, and the party's comportment during the settlement negotiations themselves. The plaintiff's lack of diligence and the defendant's resulting costs are appropriate factors to consider under Rule 41(a)(2). <u>See</u> <u>Doe</u>, 216 F.3d at 160-61. His handling of the settlement negotiations may have been relevant if, for example, Colón Cabrera had failed to participate in previously scheduled settlement discussions or similarly dragged out the proceedings in

a way that prejudiced Esso.  Importantly, however, these procedural factors are distinct from the choice a party ultimately makes between settlement and continued litigation.  The former may be appropriate to consider in the disposition of a Rule 41(a)(2) motion, but the latter is not.

Esso itself appears uneasy with the court's emphasis on Colón Cabrera's refusal to settle, choosing to focus instead on the court's comment on his "repeated delays in deciding whether to settle." (emphasis added).  The company argues that the court's true concern was the costs and expenses Esso incurred because of appellant's dilatory conduct.  The record does not support that more favorable view of the rationale for the court's decision. Lacking sufficient information on the nature of the parties' settlement talks before appellant sought voluntary dismissal in March 2011, we cannot evaluate which party contributed more to the delay in resolving the case to that point.  Insofar as the court faults Colón Cabrera for the extensions it granted from March through June 2011, these negotiations occurred only after Colón Cabrera filed his motion.  Although the court could have ruled on the motion when it was filed, it apparently believed that further settlement negotiations would be beneficial.  Neither the record nor the court's order discloses why holding Colón Cabrera responsible for that period of delay was appropriate, given that he expressed a wish to dismiss the case before this period of

negotiations even began.  Moreover, Colón Cabrera was meeting with success in the parallel Commonwealth litigation.  Hence, it is far from clear that appellant's supposed obstinacy during the period from March through June arose from bad faith, rather than a genuine belief in the strength of his bargaining position.  See Leith, 668 F.2d at 50 ("[T]he record indicates ample grounds on which the district court could conclude that the plaintiff has acted in good faith, regardless of the eventual resolution of the controversy.") (footnote omitted).

Esso further suggests that the district court's doubts regarding Colón Cabrera's likelihood of success at trial supports dismissal with prejudice.  We disagree.  The guiding inquiry here is whether defendant would suffer prejudice if the motion were granted.  Prejudice does not mean having to defend against a case that the court deems weak.  Esso has identified nothing in Rule 41(a)(2) or the case law that permits the court to use a motion for voluntary dismissal to weed out cases it deems unmeritorious.[4]

To be clear, we are not suggesting that the court is always required to give a lengthy explanation of its reasons for a

---

[4] To the extent that the district court seeks to curb frivolous or abusive litigation, it has other means of addressing such concerns.  See 28 U.S.C. § 1927 (permitting imposition of costs and attorneys' fees on person who "multiplies the proceedings" in an "unreasonabl[e] and vexatious[]" manner); Fed. R. Civ. P. 11(b)(1) & 11(c) (stating that by making representations to court, attorney or party certifies that representations are "not being presented for any improper purpose," and authorizing courts to impose sanctions based on violations).

dismissal with prejudice pursuant to Rule 41(a)(2), though some explanation of such a consequential decision is certainly necessary. The problem here is that the glimpse we have into the district court's thought process indicates that it relied almost entirely on a factor -- the failure to settle -- that should have played no role in its analysis.

We also reiterate that we are not criticizing the trial judge's involvement in the settlement negotiations. See Fed. R. Civ. P. 16(a)(5) (authorizing court to order appearances at pretrial conferences to, inter alia, "faciliat[e] settlement"). The desire to aid the settlement process was both commendable and understandable. But this case demonstrates the potential pitfalls of a district court's direct engagement with that process. Such involvement could result in the judge obtaining information about the parties' respective positions that might unduly influence the judge's rulings in the case. That is what happened here.

Finally, we note that Colón Cabrera has requested that we remand with instructions to grant his motion to dismiss without prejudice. Given our present understanding of the record, we see no justification for dismissal with prejudice. Nevertheless, we owe deference to the district court's familiarity with the litigation and its grasp of all the relevant facts. We therefore remand so that the district court can reconsider the issue with the benefit of our guidance. If on remand the district court concludes

that dismissal with prejudice is a proper exercise of its discretion, it should take care to evaluate the appropriate factors fully and provide an explanation of its reasons.

### III.

For the reasons stated, the district court's grant of voluntary dismissal with prejudice is <u>vacated</u>, and the case is <u>remanded</u> for further proceedings consistent with this opinion. Costs to appellant.

**<u>So ordered.</u>**