STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-277

CUM-RAC-04-12-2014

STATE OF MAINE
Cumberland, ss. Clerk's Office
APR 17 2014
RECEIVED

DOUGLAS J. GOING,
Plaintiff

ORDER ON MOTION TO
DISMISS

v.

NEIL SMITH AKA NEAL SMITH
and JENS PETER BERGEN,
Defendants

Before the Court is Defendant Jens Peter Bergen's Motion to Dismiss Plaintiff

Douglas Going's claims pursuant to Maine Rule of Civil Procedure 12(b)(6). A hearing

was held on this Motion on January 28, 2014, and Mr. Going failed to appear. Mr. Going

has objected to the Motion, but his objection is difficult to comprehend.

Mr. Going filed his Complaint against Neal Smith and Attorney Bergen. The

instant case stems from a lawsuit involving Mr. Going and Mr. Smith (*Laprel v. Going*,

YORSC-RE-2011-165 (Me. Super. Ct., Yor. Cnty., July 31, 2013)). Mr. Smith and his

wife Alayna Laprel are represented by Attorney Bergen in that suit against Mr. Going.

Mr. Going's Complaint contains four counts: Count I is for false complaint with

malice; Count II is unlabeled, but it appears as if it could be a claim for negligent

infliction of emotional distress; Count III is for punitive damages; and Count IV is for

declaratory damages and essentially seeks Attorney Bergen's disbarment.

Attorney Bergen's Motion asserts that Mr. Going's Complaint must be dismissed

pursuant to Rule 12(b)(6) ("failure to state a claim upon which relief can be granted"),

since Mr. Going cannot demonstrate that *Laprel*, which is the basis for Mr. Going's

1

claims, ended in his favor, that Attorney Bergen abused the legal process, or that Attorney Bergen owed any duty to Mr. Going. M.R. Civ. P. 12(b)(6).

## I. Factual Background

Attorney Bergen represents co-defendant Mr. Smith and his wife Ms. Laprel in their lawsuit against Mr. Going. The suit includes claims for a declaratory judgment, slander of title, libel, slander, intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages. Mr. Going asserts that the lawsuit is baseless.

Ms. Laprel and Mr. Going are cousins, and Mr. Smith is married to Ms. Laprel. According to Justice Brodrick's order in *Laprel,* Mr. Going holds a grudge regarding a real estate transaction between Mr. Going's father and Ms. Laprel and Mr. Smith. *See* YORSC-RE-2011-165 at 3 (Me. Super. Ct., Yor. Cnty., July 31, 2013) (finding "Douglas Going was and is angry about not receiving a portion of the proceeds from the sale of the mother's land.").

In *Laprel*, the Superior Court (Androscoggin County, *MG Kennedy, J.*) granted a partial summary judgment to Mr. Smith and Ms. Laprel on Count I of their Complaint, finding that there was no lien on Mr. Smith and Ms. Laprel's property (the lien Mr. Going had placed was without merit). Justice Brodrick also granted judgment in favor of Mr. Smith and Ms. Laprel on Count II of their Complaint, slander of title, (awarding $1.00 plus costs), and on Count III, libel, Justice Brodrick found in favor of Ms. Laprel and against Mr. Going and awarded $10,000.00 plus costs. *Laprel*, YORSC-RE-2011-165 (Me. Super. Ct., Yor. Cnty., July 31, 2013). On the other counts, Justice Brodrick

2

found in favor of Mr. Going, but he was awarded no costs, and the court found that Mr. Going's liens were meritless, that Mr. Going's accusations concerning Ms. Laprel were false, and that Mr. Going was not a credible witness. *Id.* Mr. Going has filed a Notice of Appeal.

## II. Discussion

Rule 8(a) requires that the complaint must contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief which the pleader seeks." M.R. Civ. P. 8(a).

When considering a motion to dismiss under Maine Rule of Civil Procedure 12(b)(6) the Law Court has held that:

> 'We view the material allegation of the complaint as admitted and examine the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. A dismissal is appropriate only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. The legal sufficiency of a complaint is a question of law.'

*Thompson v. Dep't of Inland Fisheries & Wildlife*, 2002 ME 78, ¶ 4, 796 A.2d 674 (quoting *New Orleans Tanker Corp. v. Dep't of Transp.*, 1999 ME 67, ¶ 3, 728 A.2d 673).

The court notes that while Attorney Bergen presented additional documents with his Motion to Dismiss, the documents were the court's rulings in the underlying *Laprel* case. While Rule 12(b)(6) provides that the submission and consideration of additional documents "outside the pleadings" converts a Rule 12(b)(6) motion into a motion for summary judgment, the documents presented by Attorney Bergen, however, fall into the realm of materials that may be considered by the court without converting the motion to dismiss into a motion for summary judgment. *See Moody v. State Liquor & Lottery*

3

*Com'n*, 2004 ME 20, ¶ 11, 843 A.2d 43 ("official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged.")

The court notes that Mr. Smith also provided a number of exhibits to the court with his response to Attorney Bergen's Motion. Many of these exhibits must be excluded by the court. Exhibit A, which appears to be a photocopy of part of an affidavit, is inadmissible. The court also will not consider the time line that Mr. Smith submitted as Exhibit B. Exhibit C, a court order appointing Justice Kennedy to hear the *Laprel* case, can be considered as a public document. Exhibit D appears to be part of the docket record in the *Laprel* case, but the court will not consider it as the signature line where a clerk is supposed to attest that it is a true copy was left blank. Exhibit E is a media notification form regarding requested coverage of court proceedings, which can be considered as a public document. Exhibit G is a photocopy of the plaintiff's trial exhibit list with handwritten notes on it; this exhibit is excluded. While it is unclear, Exhibit H appears to be an exhibit from the *Laprel* case with handwritten notes on it, and it is also excluded. Exhibit I, which Mr. Going has labeled "criminal ledger", appears to be a photocopy of a portion of an affidavit and is inadmissible.

**A. Count I**

Attorney Bergen's Motion asserts that all four counts of Mr. Going's Complaint are grounded on the premise that Attorney Bergen filed a lawsuit ungrounded in law or fact, but instead based on malice and anger. Count I of Mr. Going's Complaint is titled "false

4

complaint with malice". Attorney Bergen asserts that Mr. Going is essentially trying to bring a claim for malicious prosecution or wrongful use of civil proceedings. While Mr. Going's opposition mentions abuse of process and malicious prosecution, Mr. Going's discussion of those two claims is incomprehensible. This court believes that Mr. Going's assertions in Count I most closely resemble a claim for wrongful use of civil proceedings.

> The tort of wrongful use of civil proceedings exists where (1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought.

*Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 15, 708 A.2d 651 (citing RESTATEMENT (SECOND) OF TORTS § 674).

The Law Court has held that "[f]avorable termination of the offending proceeding is an essential element of the claim." *Pepperell Trust Co.*, 1998 ME 46, ¶ 16, 708 A.2d 651. As the *Laprel* case did not end in Mr. Going's favor, Mr. Going cannot succeed on a wrongful use of civil proceedings claim.

In addition, post-trial and appellate remedies have not yet been exhausted in the *Laprel* action. According to Attorney Bergen, Mr. Going has filed a notice of appeal of that action. The Law Court has held that:

> there can be no allegation that the proceedings have terminated in the claimant's favor until the possibility of change in the outcome of the offending action has been eliminated through the exhaustion of post-trial or appellate remedies. When an appeal is taken, 'the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.'

*Pepperell Trust Co.*, 1998 ME 46, ¶ 18, 708 A.2d 651 (quoting RESTATEMENT (SECOND) OF TORTS § 674, cmt. j).

5

Attorney Bergen has also argued, and this court agrees, that Mr. Going cannot prevail on an abuse of process claim, since he has not set forth a claim that Attorney Bergen wrongfully used individual legal procedures against him after the suit was commenced. *See Pepperell Trust Co.*, 1998 ME 46, ¶ 14, n. 8, 708 A.2d 651 (abuse of process characterized by "use of ... process in a manner not proper in the regular conduct of the proceedings where there is an ulterior motive. ... [A]buse of process covers the allegedly improper use of individual legal procedures after a suit has been filed properly." (quotations and citations omitted)). "[A]n action for abuse of process cannot be based solely on the filing of a complaint."[1] *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 7, 708 A.2d 283.

In his response to Attorney Bergen's Motion, Mr. Going has stated that he believes that he has met the elements to show abuse of process, but his subsequent discussion is a series of exhibit listings, phrases punctuated with exclamation marks, and statements that make no sense to the court.

The outcome of the *Laprel* lawsuit does not support Mr. Going's assertion of "false complaint with malice" whether Mr. Going intended Count I to be for wrongful use of civil proceedings or malicious prosecution. Nor has Mr. Going properly set forth a claim for abuse of process. Count I against Attorney Bergen is thereby dismissed.

**B. Count II**

---

[1] The First Circuit has held that abuse of process can be applied in a wider scope of cases, for example in the context of cases that were initiated to force another action. *See Simon v. Navon*, 71 F.3d 9, 15 (1st Cir. 1995)(finding that a defendant can be liable for both abuse of process and

6

While Count II of the Complaint is not labeled, it is possible that Mr. Going is attempting to bring a claim for negligent infliction of emotional distress. Attorney Bergen contends that Mr. Going's presumed claim for negligent infliction of emotional distress must also fail, since an attorney does not owe a duty to the opposing party or its attorney. *See Barnes v. McGough*, 623 A.2d 144, 146 (Me. 1993) ("an attorney owes no duty to his client's adversary."). *See also Nadeau v. People's United Bank*, 2013 WL 3337018, at * 4 (Me. Super. June 12, 2013)("Maine law does not recognize that an attorney owes any specific duty or duties to the opposing party or that party's attorney.").

"Although each person has a duty to act reasonably to avoid causing physical harm to others, there is no analogous general duty to avoid negligently causing emotional harm to others." *Curtis v. Porter*, 2001 ME 158, ¶ 18, 784 A.2d 18, 25. This action does not fall into the narrow class of permissible negligent infliction of emotional distress actions. *See Id.* at ¶ 19.

> [W]e have recognized a duty to act reasonably to avoid emotional harm to others in very limited circumstances: first, in claims commonly referred to as bystander liability actions; and second, in circumstances in which a special relationship exists between the actor and the person emotionally harmed. We have also held that a claim for negligent infliction of emotional distress may lie when the wrongdoer has committed another tort.

*Id.* Since Attorney Bergen owed no duty to Mr. Going to avoid causing him emotional harm, an action by Mr. Going against Attorney Bergen for negligent infliction of

7

emotional distress cannot lie. Therefore, Count II of Mr. Going's Complaint against Attorney Bergen is also dismissed.[2]

### C. Damages

Counts III and IV of Mr. Going's Complaint concern Mr. Going's requests for punitive and "declaratory damages". Since Mr. Going cannot proceed on his claims for wrongful use of civil proceedings or negligent infliction of emotional distress, and as he has brought forth no tenable legal claims, Mr. Going cannot possibly pursue punitive or declaratory damages against Attorney Bergen. Mr. Going has failed to demonstrate that he is entitled to relief under any legal theory. Counts III and IV of Mr. Going's Complaint against Attorney Bergen are also dismissed.

Accordingly, the court **ORDERS** that Defendant Bergen's Motion is **GRANTED**, and with regard to Defendant Bergen, Mr. Going's Complaint is **DISMISSED** with prejudice. Costs are awarded to Defendant Bergen.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: April 12, 2014

Hon. Roland A. Cole
Justice, Superior Court

---

[2] Attorney Bergen also asserts that he is immune from liability to Mr. Going. It is unnecessary to reach the issue of attorney immunity, however, as Mr. Going has not demonstrated that he has any valid claims against Attorney Bergen.

8

STATE OF MAINE
Cumberland, ss. Clerk's Office

APR 1 7 2014
RECEIVED

CUM-RAC-04-17-2014

STATE OF MAINE                                              SUPERIOR COURT
CUMBERLAND, ss.                                            CIVIL ACTION
                                                          Docket No. CV-13-277
                                                          4/17/2014

DOUGLAS J. GOING,
        Plaintiff

                                                          ORDER ON MOTION FOR
                                                          SUMMARY JUDGMENT

v.


NEIL SMITH AKA NEAL SMITH
and JENS PETER BERGEN,
        Defendants


Before the Court is Defendant Neal Smith's Motion for Summary Judgment, filed

on January 14, 2014, pursuant to Maine Rule of Civil Procedure 56. Plaintiff Douglas

Going has not submitted an opposition to Mr. Smith's Motion.[1] Accordingly, Mr. Smith's

statements that are properly supported by record citations are deemed admitted. *See* M.R.

Civ. P. 56(h)(4).

Mr. Going filed his Complaint against Neal Smith and Attorney Jens Peter

Bergen. Mr. Going's Complaint contains four counts: Count I is for false complaint with

malice; Count II is unlabeled, but it discusses emotional distress damages and appears as

if it could be an attempt at a claim for negligent infliction of emotional distress; Count III

is for punitive damages; and Count IV is for declaratory damages and essentially seeks

Attorney Bergen's disbarment.


## I. Factual Background

---

[1] Mr. Going may be under the misimpression that he won his case against Mr. Smith by default.
This is not the case. Mr. Smith's default was set aside by this court's November 21, 2013 order.
In addition, while Mr. Going filed an opposition to Mr. Smith's August 2, 2013 Motion for
Summary Judgment, that objection cannot be considered for purposes of this Motion.

The instant case stems from a lawsuit that Mr. Smith and his wife Alayna Laprel filed against Mr. Going. (*Laprel v. Going*, YORSC-RE-2011-165 (Me. Super. Ct., Yor. Cnty., July 31, 2013)). (Pl.'s S.M.F. ¶¶ 1-2.) The suit includes claims for declaratory judgment, slander of title, libel, slander, intentional infliction of emotional distress, negligent infliction of emotional distress, and punitive damages. (Pl.'s S.M.F. ¶ 2.)

On October 7, 2010, Richard Going, the Plaintiff's father, conveyed a piece of property, 300 Log Cabin Road, to Mr. Smith and Ms. Laprel. (Pl.'s S.M.F. ¶ 3.) On April 8, 2011, the Plaintiff proceeded to record a commercial lien for $550,000 on Mr. Smith and Ms. Laprel's properties, including the 300 Log Cabin Road property. (Pl.'s S.M.F. ¶ 4.) While the Plaintiff subsequently purported to release the $550,000 lien, the Plaintiff then recorded a commercial lien on the 300 Log Cabin Road property for $600,000. (Pl.'s S.M.F. ¶ 5.)

In *Laprel*, the Superior Court (Androscoggin County, *MG Kennedy, J.*) granted a partial summary judgment to Mr. Smith and Ms. Laprel on the declaratory judgment count of their Complaint, thereby finding that there was no basis for a lien on Mr. Smith and Ms. Laprel's property. (Pl.'s S.M.F. ¶¶ 6-8.) The liens that Mr. Going had filed were meritless. (Pl.'s S.M.F. ¶ 8.) After trial, the court (York County, *Brodrick, J.*) also granted judgment in favor of Mr. Smith and Ms. Laprel on Count II of their Complaint, slander of title, awarding $1.00 plus costs, and on Count III, libel, the court found in favor of Ms. Laprel and against Mr. Going and awarded $10,000.00 plus costs. (Pl.'s S.M.F. ¶¶ 9-11.) On the other claims, Justice Brodrick found in favor of Mr. Going, but he was awarded no costs. (Pl.'s S.M.F. ¶ 12.)

**II. Standard of Review**

2

"Summary judgment is appropriate when the record reveals no issues of material fact in dispute. A fact is material if it has the potential to affect the outcome of the case." *Lepage v. Bath Iron Works Corp.*, 2006 ME 130, ¶ 9, 909 A.2d 629 (citations omitted).

If "a defendant moves for summary judgment, the plaintiff 'must establish a *prima facie* case for each element of her cause of action' that is properly challenged in the defendant's motion." *Curtis v. Porter*, 2001 ME 158, ¶ 8, 784 A.2d 18 (quoting *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842). Rule 56 specifies that if an adverse party fails to respond in the manner specified in Rule 56, then "summary judgment, if appropriate, shall be entered against the adverse party." M.R. Civ. P. 56(e). However, "'a party who moves for a summary judgment must properly put the motion and, most importantly, the material facts before the court, or the motion will not be granted, regardless of the adequacy, or inadequacy, of the nonmoving party's response.'" *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 9, 21 A.3d 1015 (quoting *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 5, 770 A.2d 653).

**III. Discussion**

While Count I of Mr. Going's Complaint is titled "false complaint with malice", which is not an actual cause of action, this court agrees with Mr. Smith that Count I most closely resembles a claim for wrongful use of civil proceedings.[2] Mr. Smith asserts that his Motion should be granted since Mr. Going cannot demonstrate that the *Laprel* case, which is the basis for Mr. Going's claims, constituted a wrongful use of civil proceedings. The court agrees and notes that Mr. Going has not attempted to make a

---

[2] Wrongful use of civil proceedings is the correct term for this cause of action, as malicious prosecution applies to criminal actions. *See Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶¶ 14, 15 n. 11, 708 A.2d 651.

3

prima facie case for any of the elements of his claim, since he has not responded to Mr. Smith's Motion.

> The tort of wrongful use of civil proceedings exists where (1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought.

*Pepperell Trust Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 15, 708 A.2d 651

(citing RESTATEMENT (SECOND) OF TORTS § 674).

"Probable cause exists when there is a reasonable belief in the existence of facts upon which the claim is based and either a correct or reasonable belief that, under those facts, the claim is valid under the applicable law." *Lumb v. Cimenian*, 2012 WL 3061784 (Me. Super. June 28, 2012) (citing RESTATEMENT (SECOND) OF TORTS § 675). From reading Justice Kennedy's and Justice Brodrick's decisions in *Laprel*, the court agrees with Mr. Smith that he had probable cause to initiate his lawsuit. *See* RESTATEMENT (SECOND) OF TORTS § 675, cmt. b. ("a decision by a competent tribunal in favor of the person initiating civil proceedings is conclusive evidence of probable cause. This is true although it is reversed upon appeal and finally terminated in favor of the person against whom the proceedings were brought.") Furthermore, there is nothing in the summary judgment record to suggest that Mr. Smith sued Mr. Going "with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based . . . ." *Pepperell Trust Co.*, 1998 ME 46, ¶ 15, 708 A.2d 651. The court notes, however, that even without finding that Mr. Smith had probable cause, Mr. Going cannot prevail. The proceedings did not terminate in Mr. Going's favor, and the proceedings have not fully terminated as the *Laprel* case has been appealed.

4

The Law Court has held that "[f]avorable termination of the offending proceeding is an essential element of the claim." *Pepperell Trust Co.*, 1998 ME 46, ¶ 16, 708 A.2d 651. Mr. Smith and his wife were granted a summary judgment finding that there was no lien on their property. Mr. Smith also prevailed on his slander of title claim. Mr. Smith's wife prevailed on her libel claim against Mr. Going. While Mr. Going was granted judgment on the other counts, Mr. Smith and Ms. Laprel were the parties awarded monetarily and with the finding that Mr. Going had not placed any valid liens on their property. Mr. Going's Complaint is grounded on the claim that Defendant Smith's lawsuit was baseless. Clearly, the court found that *Laprel* was not baseless.

In addition, post-trial and appellate remedies have not yet been exhausted in the *Laprel* action. The Law Court has held that:

> there can be no allegation that the proceedings have terminated in the claimant's favor until the possibility of change in the outcome of the offending action has been eliminated through the exhaustion of post-trial or appellate remedies. When an appeal is taken, 'the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.'

*Pepperell Trust Co.*, 1998 ME 46, ¶ 18, 708 A.2d 651 (quoting RESTATEMENT (SECOND) OF TORTS § 674, cmt. j). As the *Laprel* case has not ended in Mr. Going's favor, Mr. Going cannot succeed on a wrongful use of civil proceedings claim.

Nor can Mr. Going succeed on an abuse of process claim, if that is the claim that he was attempting to bring as Count I. Mr. Going has failed to allege that Mr. Smith abused any individual legal procedures. *See Pepperell Trust Co.*, 1998 ME 46, ¶ 14 n. 8, 708 A.2d 651 (quotations and citations omitted) (abuse of process characterized by use of procedures "in a manner not proper in the regular conduct of the proceedings where there

is an ulterior motive. ... [A]buse of process covers the allegedly improper use of individual legal procedures after a suit has been filed properly.") "[A]n action for abuse of process cannot be based solely on the filing of a complaint."[3] *Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell*, 1998 ME 70, ¶ 7, 708 A.2d 283.

Accordingly, the court **ORDERS** that Defendant Smith's Motion for Summary Judgment is **GRANTED**. Costs are awarded to Defendant Smith.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: ___April 17, 2014___

_____
Hon. Roland A. Cole
Justice, Superior Court

---

[3] The First Circuit has held that abuse of process can be applied in a wider scope of cases, for example in the context of cases that were initiated to force another action. *See Simon v. Navon*, 71 F.3d 9, 15 (1st Cir. 1995)(finding that a defendant can be liable for both abuse of process and malicious prosecution when a defendant initiates a lawsuit after "explicitly threaten[ing] to file a baseless lawsuit solely for the purpose of forcing the plaintiff's action in an unrelated matter ... In such a case, the otherwise normal procedure of filing a lawsuit is transformed into an act of abuse by the coincidence of the threat."). Mr. Going has not alleged that this scenario occurred in the *Laprel* case.

6

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-13-277

4/16/2014
CUM-RAC-04-16-14

DOUGLAS J. GOING,
Plaintiff

STATE OF MAINE
Cumberland, ss. Clerk's Office
APR 17 2014
RECEIVED

ORDER ON REQUEST FOR
DISMISSAL OF ACTION

v.

NEIL SMITH AKA NEAL SMITH
and JENS PETER BERGEN,
Defendants

On January 27, 2014, the eve of hearing on Defendant Jens Peter Bergen's Motion to Dismiss, Plaintiff Douglas Going filed a request that the court dismiss this action. Mr. Going contemporaneously filed suit in U.S. District Court, and he failed to appear for the hearing on Mr. Bergen's Motion on January 28, 2014.

Mr. Going's request, while unclear and difficult to comprehend, appears to discuss Mr. Going's belief that it is necessary for this judge to produce a "commission" document. Both Defendants have opposed Mr. Going's request. Mr. Going failed to serve either of the Defendants with a copy of his request, and he failed to conform his motion to the requirements of Rule 7. *See* M.R. Civ. P. 5(a), 7(b)(1). Mr. Going also failed to cite to any Rules of Civil Procedure in his request.

Mr. Going's request cannot be granted as a voluntary dismissal under Maine Rule of Civil Procedure 41(a)(1)[1], and the court shall not grant Mr. Going's request under Rule 41(a)(2).

---

[1] Rule 41(a)(1) states in part:
> an order may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action . . . .

Rule 41(a)(2) provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." M.R. Civ. P. 41(a)(2). Considering that Mr. Going's request is procedurally and substantively inadequate, the timing of Mr. Going's request, and the pending Motion to Dismiss from Mr. Bergen and the Motion for Summary Judgment from Mr. Smith, it would not be proper to dismiss Mr. Going's action without prejudice at this juncture. To grant Mr. Going's request would be unfair to the Defendants in this action, who have spent a considerable amount of time and resources defending themselves against Mr. Going's lawsuit. *See Colon-Cabrera v. Esso Standard Oil Co.*, 723 F.3d 82, 88 (1st Cir. 2013) (emphasizing the importance of protecting the non-moving party from unfairness, and stating "[a] plaintiff should not be permitted to force a defendant to incur substantial costs in litigating an action, and then simply dismiss his own case and compel the defendant to litigate a wholly new proceeding.") Therefore, the court shall reach the merits on both of the Defendants' motions.

Accordingly, the court **ORDERS** that the Plaintiff's request is **DENIED**.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: April 16, 2014

Hon. Roland A. Cole
Justice, Superior Court

---

M.R. Civ. P. 41(a)(1). A voluntary dismissal cannot be granted under Rule 41(a)(1) because the Defendants have both answered, Defendant Neal Smith has filed a Motion for Summary Judgment, and because the parties have not stipulated to a dismissal. *See Id.*

2